MARY SHEEDY, APPELLANT, v. JAMES H. McMURTRY, APPELLEE.

FILED APRIL 4, 1895. No. 7160.

1. **Right of Plaintiff to Dismiss Action:** CONDITIONS. The right of a plaintiff to dismiss an action at any time he so desires is not an absolute unqualified right, but conditions precedent, such as payment of costs, may be imposed by the court in its discretion.

2. **Appeal:** DISMISSAL: PRACTICE: ATTORNEY'S LIEN: SETTLE-MENT. An action for specific performance of a contract for sale of real estate, was compromised after trial had in the district court and appeal taken to this court, a third party purchasing the interest of plaintiff in such action. The defendant in the action, for a valuable consideration, became entitled to be released and discharged from all obligations existing upon him by virtue of such contract and a dismissal of the action. After these occurrences and motion filed by defendant to dismiss the suit and a dismissal filed by the party who succeeded to the interest of plaintiff, the attorney for plaintiff filed a lien for fees and expenses in conducting the suit, also a petition asking to be allowed to intervene and prosecute the appeal unless such fees and expenses were paid. *Held*, That inasmuch as the plaintiff's rights against defendant had been extinguished by settlement made before the lien was filed, or any notice of it given to defendant, there was nothing to which it could attach remaining in the hands of defendant, and the defendant was entitled to have the cause dismissed. *Held further*, That the right to payment of such fees and expenses by the plaintiff, or the party who succeeded to her rights, could not be properly litigated in this action at this time.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

*Charles O. Whedon* and *Charles E. Magoon,* for appellant.

*J. R. Webster, contra.*

HARRISON, J.

. On the 27th day of May, 1893, Mary Sheedy and James H. McMurtry entered into a contract by which she agreed to sell and he to purchase certain real estate situate in the city of Lincoln, and at a subsequent date during the same year an action was commenced by Mary Sheedy in the district court of Lancaster county, the relief sought being a specific performance of the contract. Issues were joined and trial of them had in the district court and an appeal from the decree therein rendered taken to this court by the plaintiff. As the result of the negotiations between the parties and others during its pendency here, the property involved was conveyed by Mrs. Sheedy to Kent K. Hayden, the consideration being $1,750, and the following instrument executed by her and delivered to him:

"Know all men by these presents, that I, Mary Brust, formerly Mary Sheedy, in consideration of fifteen hundred dollars to me in hand paid and receipt whereof is hereby acknowledged, do hereby set over and assign to Kent K. Hayden, of Lincoln, Nebraska, all interest, claim, demand, or right of action I have or may claim against James H. McMurtry, of Lincoln, Nebraska, in, under, or in any way arising out of the contract for sale of my interests in the real estate and property of the estate of John Sheedy, deceased, bearing date May 27, 1893, and I hereby authorize my said assignee to prosecute, collect, compromise, satisfy, release, and discharge all suits or claims founded on or growing out of said contract in his own name or in my

name as to him shall seem fit, but at his own cost and expense, and to his own proper use, and I hereby name, constitute, and appoint him, Kent K. Hayden, my true and lawful attorney in fact by these presents, irrevocable, in my name, place, and stead to do all things necessary or proper to be done in the premises as fully and effectually as I might do if myself personally present, hereby ratifying and confirming all my said attorney shall do in the premises."

It further appears that of the $1,750, the consideration agreed to be paid for Mrs. Sheedy by Kent K. Hayden, McMurtry paid $750 and Hayden $1,000, the agreement between these two parties being that in consideration of the payment of the $750 by McMurtry, Hayden would release and discharge McMurtry from any and all liability under the contract of purchase, the basis of the action for specific performance. Hayden, on October 2, 1894, executed and delivered to McMurtry a full release, satisfaction, and discharge of all obligations on his part arising out of such contract, and on the same date the attorney for McMurtry filed a motion in this case for the dismissal of the appeal, setting forth therein, as grounds therefor, the facts in reference to the transactions between Mrs. Sheedy, Hayden, and McMurtry, and which in the main, as to the substance and effect, we have hereinbefore stated, and on January 2, 1895, served a notice of this motion on attorneys for appellant, and on January 15, 1895, the following was filed in this court for Kent K. Hayden: " Comes now appellant Mary Sheedy, by Kent K. Hayden, her attorney in fact, and hereby dismisses the appeal taken by her herein from the judgment of the district court, at her own costs." On January 26, 1895, the attorney for appellant filed the following: "Notice is hereby given that I, Chas. O. Whedon, an attorney at law, and attorney for the appellant in this suit, claim and have a lien on the premises described in the petition, and belonging to the appellant at the time this suit was commenced, and on all the property in said

petition described and on the contract set forth in the petition in this case for the sum of $523.25, for my services as attorney for said appellant and for moneys expended and disbursed in the prosecution of this suit; $400 of said sum being for services as attorney for plaintiff and appellant and $123.25 for and on account of moneys paid out in the prosecution of this action;" and on January 28, 1895, filed a petition in which he asked to be allowed to intervene, and unless his fee and money expended by him, etc., were paid, that the dismissal of the action be not allowed and he be permitted to prosecute it to final decree for the purpose of obtaining payment of the fee and other moneys. After a hearing in this court the following order was made and entered: "This cause came on to be heard upon a motion by the appellee to dismiss the appeal herein, on consideration whereof it is ordered by the court that said motion to dismiss be sustained on condition that Kent K. Hayden within ten days pay to the clerk of this court all the taxable costs in this court and the court below, including printing of briefs."

The right of a plaintiff to dismiss his action at any time he so desires before it has been submitted to the court or a jury, as a matter of course, as a general proposition, is without doubt. In this state he may do so during vacation if no set-off or counter-claim is filed by the opposing party, but it is upon payment of the costs. (Sec. 430a, Comp. Stats., 1893, p. 911.) But we think that the existence of the right of a plaintiff to dismiss at any time during the pendency of a cause, as a general proposition, must be qualified, and is not absolute in the sense that it takes the subject without the control of the court in which the cause is pending, so that it cannot, within its discretion, impose the condition of the payment of costs as obligatory and precedent to a dismissal of the action. In the case of *Young v. Bush*, 36 How. Pr. [N. Y.], 240, after citing in support of the doctrine that the court may make the allowance of

a dismissal depend upon the payment of costs, *McKenster v. Van Zandt*, 1 Wend. [N. Y.], 13, *Harden v. Hardick*, 2 Hill [N. Y.], 384, and *Huntington v. Forkson*, 7 Hill [N. Y.], 195, it is said: "The principle asserted in all these cases and numerous others is, that the right to discontinue is not absolute, that it is to be exercised under the control of the court, and that equitable terms may be imposed in proper cases, and that the right to discontinue may be disallowed in the discretion of the court, or restricted * * upon equitable considerations."

It appears from some affidavits filed in support of the motion to dismiss that neither McMurtry nor Hayden, at the time of the transaction of the business between them and Mrs. Sheedy, had knowledge that attorney for appellant had any claim or demand against Mrs. Sheedy for fees, money expended for her in prosecuting the suit, or costs paid, and it is not claimed or shown that there was any fraud or collusion practiced or attempted in the transaction between Mrs. Sheedy, Kent K. Hayden, and James H. McMurtry which resulted in a full settlement of the matters at issue in the case, and McMurtry's right to a dismissal of it. No lien had then been filed, nor was, as we have seen, filed until January 26, 1895, after the appeal of the case to this court, and the settlement and filing of the dismissal by Hayden, and the motion to dismiss for McMurtry. A lien in favor of the attorney upon property in the hands of the adverse party belonging to his client can only exist from the time of giving notice of the lien to that party, and as to the rights of James H. McMurtry, under the facts shown by the testimony accompanying this motion, we are satisfied he was warranted in perfecting any settlement that he could effect with Mrs. Sheedy, or the party who succeeded to her rights in the premises (*Elliot v. Atkins*, 26 Neb., 403; *Lavender v. Atkins*, 20 Neb., 206; *Rowe v. Fogle*, 10 S. W. Rep. [Ky.], 426; *Mosely v. Jamison*, 14 So. Rep. [Miss.], 529; Weeks, Attorneys at Law,

sec. 382, and cases cited in note 3; 1 Am. & Eng. Ency.
Law, 970 *et seq.,* and notes); and filing the attorney's lien
after the settlement was completed could not confer any
rights in favor of the attorney as against McMurtry other
than existed at the time of its filing in favor of his client,.
and these had been fully and entirely extinguished by the
adjustment of the difficulty, which had been previously
completed, and any liability of Mary Sheedy in favor of
the attorney for fees or expenses due him in the case, or
against Hayden, if he assumed and agreed to pay such li-
ability, cannot properly be litigated in this case at this
time in this court. An order conforming to the views
herein expressed and dismissing the action on the payment
of all costs was made and entered March, 1895.

DISMISSED.