BEALS, TORREY & COMPANY v. WESTERN UNION TELE-
GRAPH COMPANY.

FILED FEBRUARY 2, 1898. No. 7706.

Right to Dismiss Action. A plaintiff has an absolute right to dismiss
his action at any time before the final submission of the cause,
subject alone to compliance with conditions precedent, such as
the payment of costs, etc., as may be imposed by the court.

ERROR from the district court of Brown county. Tried below before BARTOW, J. *Reversed.*

*J. C. McNerny* and *Macfarland & Altschuler*, for plaintiff in error.

*Estabrook & Davis*, contra.

NORVAL, J.

This action was for the recovery of damages sustained by the plaintiff for the failure of the defendant to correctly transmit and deliver a message. Before the final submission of the cause plaintiff asked leave to withdraw a juror, which motion was denied by the court, as was likewise overruled the application of plaintiff for leave to dismiss the cause without prejudice to a future action. A verdict, under a peremptory instruction of the court, was returned for the defendant, and the judgment entered thereon is before us for review.

It appears from the record that before the final submission of the cause to the jury plaintiff asked permission to dismiss the action without prejudice, which application the court denied. This ruling was clearly erroneous. By section 430 of the Code of Civil Procedure the right is given a plaintiff to dismiss his action without prejudice to a future suit at any time prior to final submission, upon such equitable terms as the court may impose. (*Sheedy v. McMurtry*, 44 Neb. 499; *Dayton & W. R. Co. v. Marshall*, 11 O. St. 502; *Hancock Ditch Co. v. Bradford*, 13 Cal. 637.) There was an abuse of discretion under the circumstances in refusing to allow plaintiff to discontinue his action. The judgment is accordingly reversed, with directions to the court below to enter an order of dismissal without prejudice to the right of plaintiff to institute another action for the same cause.

REVERSED.