Circuit Court of Lucas County.

THE LAKE SHORE ELECTRIC RAILWAY COMPANY v. SANDERS
SHARP, ADMINISTRATOR.

Decided, November, 1908.

*Motion to Direct Verdict—Dismissed Without Prejudice.*

At the conclusion of the plaintiff's evidence, a motion having been made to direct a verdict for the defendant which the court has announced it will grant, it is error to permit the plaintiff to dismiss the case without prejudice.

MARVIN, J.; WINCH, J., and WILDMAN, J., concur.

The plaintiff below was Sanders Sharp, as administrator, and he brought his suit against the plaintiff in error for the wrongful death of his decedent. In this opinion the terms ''plaintiff'' and ''defendant'' are used, meaning the parties as they stood in the court below.

At the close of the plaintiff's evidence the defendant moved the court to direct a verdict in its favor. After the arguments on this motion were concluded the court announced that the motion would have to be allowed. The plaintiff thereupon asked leave to withdraw a juror and continue the case. This was refused and the plaintiff then moved that the case be dismissed without prejudice and this motion was allowed and an order made by the court dismissing the case without prejudice. To reverse this order the present proceeding is prosecuted.

Section 5314, Revised Statutes, provides for the dismissal of actions without prejudice, and the first of said provisions is that it may be dismissed by the *plaintiff*, before the final submission of the case to the jury or to the court, when the trial is by the court. This is the only provision authorizing the *plaintiff* to dismiss the case without prejudice, except a dismissal provided for in vacation. It is provided by the same section that *the court* may dismiss the case without prejudice where the plaintiff fails to appear at the trial, or for want of necessary

parties, or on the application of some of the defendants where there are others whom the plaintiff fails to prosecute with diligence, or for the disobedience by the plaintiff of an order concerning the proceeding in the action.

It is urged here that since the court had not directed the jury that a verdict be returned for the defendant, the case comes within the first class, to-wit, one that may be dismissed by the *plaintiff* before the final submission of the case to the jury or court, and that the action of the court in entering the dismissal, without prejudice, was simply authorizing the plaintiff to make this dismissal, as provided by the statute. This reasoning, we think, is not sound. The case of *Turner* v. *Pope Motor Car Company et al*, 19 Cir. Dec., 181, was in some respects like the case at bar. In that case, after the evidence on the part of the plaintiff had been concluded a motion was made that a verdict be directed for the defendant. That motion was taken under consideration by the court, and the court adjourned until the following morning. When the court convened counsel for the plaintiff announced a dismissal of the case, without prejudice. The court refused to enter the dismissal and directed a verdict for the defendants, which was at once returned by the jury. Error was prosecuted to the refusal of the court to enter the dismissal. In the circuit court the judgment of the common pleas was affirmed, the court finding that, in substance, the case was finally submitted upon the motion to direct a verdict within the meaning of Section 5314, Revised Statutes.

The same question under a statute similar to our own was passed upon by the Supreme Court of Nebraska, in the case of *Bee Building Company* v. *Dalton*, 68 Neb., 38. See also *Railroad Co.* v. *Dryden*, 17th Kan., 228.

These cases are familiar to counsel and need not here be quoted from.

We reach the conclusion that the court erred in dismissing the case without prejudice, and we reach the further conclusion that the case was submitted to the court, for when a motion is made to direct a verdict it amounts, as has been said in other cases, to a demurrer to the evidence, and raises a question of law for the

court.  The court was without authority to dismiss the case *without prejudice* but the court was not without authority to *dismiss* the case upon the motion of the plaintiff.  His motion was in effect an announcement that he did not care further to prosecute this case.  True, his motion implied that he hoped to be able to prosecute *a* case upon the facts undertaken to be brought out in this case, but the case had reached a point where, by this motion, the court, as already said, was authorized to dismiss it upon the plaintiff's motion, and the order should have been that the case be dismissed and should not have included the the words "without prejudice."

Proceeding here to modify the judgment so as to make it conform to that which the judgment below should have been the judgment is that the case in the court below be dismissed.