LAURITZ NELSON, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED FEBRUARY 11, 1913.   No. 16,980.

Dismissal. "The district court may, in the just exercise of its discretionary power, permit plaintiff to dismiss his case after it has been finally submitted to the court or jury." *Bee Building Co. v. Dalton*, 68 Neb. 38.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed*.

*John O. Yeiser*, for appellant.

*Rich, Nolan & Woodland*, contra.

LETTON, J.

This is an action to recover from a master for personal injuries. In the view we take of the record, it is unnecessary to state the facts.

After the evidence of both parties had been produced, a motion to direct a verdict for the defendant was filed on account of the insufficiency of the petition and the evidence. The journal recites: "The defendant moves that

the jury be instructed to return a verdict for the defendant, and said motion is argued and submitted. Whereupon the plaintiff asks leave to withdraw a juror; and, after due consideration, said leave is by the court granted." A juror was withdrawn and the jury discharged and the cause set for trial anew; to each of which orders the dedefendant excepted. Afterwards, during the same term, the defendant moved the court "to vacate and set aside its order allowing the plaintiff to withdraw a juror and setting the case for trial anew, for the reason that the motion of defendant to instruct the jury to render a verdict in favor of defendant had been duly argued by counsel and submitted to the court, as more fully appears from the record of the court, and the court was thereby without power to entertain any other motion until the said motion to instruct the jury had been either granted or denied, or to take any action whatsoever except to rule upon the said motion," and defendant further moved that the court dismiss the action with prejudice, at plaintiff's costs. This motion was argued and submitted and taken under advisement. The record shows that at the next term the motion was sustained, "for the reason that the court was about to sustain said motion to take the case from the jury when the application was made to withdraw a juror and continue the case, and the court now considers that the court was without discretion in the premises." It was then ordered that the case be dismissed according to defendant's motion at the close of the testimony.

The plaintiff contends that it was error to set aside the order granting a new trial and to dismiss the case, for the reason that the former order was within the discretion of the court, and that the evidence was sufficient to warrant its submission to the jury.

Defendant takes the position that, there being no motion for a new trial filed, this court cannot examine the evidence, and that, the case having been submitted to the court by the motion to instruct, the court had no power to allow the withdrawal of a juror, and to grant a new trial.

Both sides rely on the case of *Bee Building Co. v. Dalton*, 68 Neb. 38. In that case, after the evidence had been submitted, a motion was made by the defendant to instruct in its favor. The motion was sustained by the court. Before the court gave the required instruction, the plaintiff attempted to dismiss his cause of action without prejudice. The defendant objected to the dismissal at that time, after a motion to instruct a verdict in favor of the defendant had been sustained. The court allowed plaintiff to dismiss without prejudice. In discussing the question presented, SULLIVAN, C. J., says: "Before plaintiff moved to dismiss the action without prejudice, his case had been not only submitted to the court upon a vital issue of law, but that issue had been decided against him, and nothing remained open for contention. * * * The *record does not show* that the the court *undertook to exercise a discretionary power,* or that the situation called for the exercise of such power. The application was evidently made and *granted as a demandable right.* * * * The discretionary power of the district court to set aside a submission and receive further evidence, or to postpone the trial, or even to permit a dismissal of the case, is not doubted; but there is nothing in the present record to indicate that there was any just ground for the exercise of such power, or that there was any attempt to bring it into action. The court was evidently of the opinion that, the peremptory instruction not having been yet read to the jury, the right of plaintiff to dismiss was absolute. This was an erroneous conception, and it led to a wrong result."

Paragraphs 6 and 7 of the syllabus are as follows:

"6. The district court may, in the just exercise of its discretionary power, permit plaintiff to dismiss his case after it has been finally submitted to the court or jury.

"7. But where the discretionary power of the court is not invoked, and the application to dismiss after final submission is made and allowed as a demandable right, the order of dismissal will not be upheld, unless a denial of the application would amount to an abuse of discretion."

It will be seen that there is a marked distinction in the recorded facts between that case and this. While the motion to instruct was pending, and before it had been sustained, the plaintiff in this case asked leave to withdraw a juror. He did not attempt, as in the Dalton case, to dismiss without prejudice as a matter of right. It was within the discretion of the court at that stage of the trial to allow this to be done. The argument in defendant's motion, based upon the alleged want of power to act until the motion to instruct had either been granted or denied, is fallacious, for the reason that the rules of parliamentary procedure, whereby the chair has no right to entertain any but privileged motions while a motion is pending, do not apply to proceedings in courts of justice. We are of the opinion that the court had power, in the exercise of its discretion, to grant leave to withdraw a juror, and that, in the absence of a clear showing of an abuse of discretion, its action should be sustained.

The defendant insists that we are without power to examine the evidence to ascertain whether the plaintiff was prejudiced by the judgment of dismissal, for the reason that no motion for a new trial was filed. This was unnecessary.

The plaintiff is not here complaining that the order granting the new trial was erroneous, but merely that the later order setting aside the same on the ground of want of power was erroneous. This question is presented by the record, and does not require a consideration of the evidence, since it will be presumed that the former order was justified until it is made affirmatively to appear otherwise. We are of opinion that, since the court at plaintiff's request exercised its discretionary power in permitting a new trial of the case, and since no abuse of this discretion has been affirmatively shown, its later judgment setting aside this order and dismissing the case for the reasons stated in the order was erroneous.

The later judgment is therefore reversed and the cause remanded.

REVERSED.