Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/14/2022 09:07 AM CDT

Daniel D. Schaaf and Ronald R. Schaaf,
Copersonal Representatives of the Estate
of Lorene M. Schaaf, appellants, v.
Tommy B. Schaaf and Susan
M. Schaaf, appellees.

___ N.W.2d ___

Filed July 22, 2022.    No. S-21-251.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Motions to Vacate: Time: Appeal and Error.** The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.

3. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

4. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

6. **Dismissal and Nonsuit: Final Orders: Appeal and Error.** Generally, an order of dismissal is a final, appealable order.

7. **Final Orders.** Under Neb. Rev. Stat. § 25-1902(1)(a) (Cum. Supp. 2020), an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, is a final order.

8. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, which includes those legal rights that a party is entitled to enforce or defend.

9. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

10. **Final Orders.** An order that completely disposes of the subject matter of the litigation in an action or proceeding both is final and affects a substantial right because it conclusively determines a claim or defense.

11. **Dismissal and Nonsuit.** Generally, under Neb. Rev. Stat. §§ 25-601(1) (Reissue 2016) and 25-602 (Cum. Supp. 2020), a plaintiff has the right to dismiss an action without prejudice before final submission of the case.

12. ____. After a final submission, dismissal without prejudice requires leave of court.

13. **Actions.** A final submission of an action contemplates submission upon both law and facts, and it only exists when nothing remains to be done to render it complete.

14. **Summary Judgment: Dismissal and Nonsuit.** A summary judgment motion can be a final submission that will prevent voluntary dismissal under Neb. Rev. Stat. § 25-601 (Reissue 2016).

15. **Dismissal and Nonsuit.** Under Neb. Rev. Stat. § 25-602 (Cum. Supp. 2020), a plaintiff loses the right to voluntarily dismiss without prejudice when a counterclaim or setoff has been filed by the opposing party.

16. **Dismissal and Nonsuit: Jurisdiction.** An order of dismissal or dismissal by operation of law divests a court of jurisdiction to take any further action in the matter.

17. **Dismissal and Nonsuit.** When a case is voluntarily dismissed by a party, the controversy between the parties upon which a trial court may act ends.

18. **Dismissal and Nonsuit: Jurisdiction: Pleadings: Motions to Vacate.** A court treats a motion to reinstate a case after an order of dismissal as a motion to vacate the order, and a court generally has jurisdiction over a motion to vacate an order of dismissal and reinstate a case.

Appeal from the District Court for Holt County: MARK D. KOZISEK, Judge. Reversed and remanded for further proceedings.

Bradley D. Holbrook and Elizabeth J. Klingelhoefer, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellants.

Lyle Joseph Koenig, of Koenig Law Firm, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Appellants appeal from a dismissal entered by the district court upon the court's determination that the case had been improperly reinstated after they voluntarily dismissed their case without prejudice. For the reasons set forth herein, we reverse the findings of the district court and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Daniel D. Schaaf and Ronald R. Schaaf (Appellants) are copersonal representatives for the estate of their mother, Lorene M. Schaaf. In February 2017, Appellants filed a complaint against their brother, Tommy B. Schaaf, and his wife, Susan M. Schaaf (Appellees), which asserted two counts of undue influence and one count of fraud in the inducement regarding the devise of certain real estate by Lorene.

Appellees filed an amended answer that affirmatively alleged a codicil executed by Lorene was the product of undue influence. Appellees' amended answer also requested that the court award them "their costs, including attorney fees, and any other relief that is just."

In May 2018, Appellees filed a motion for summary judgment, which was granted in part and denied in part. Specifically, the court dismissed one count of fraud in the inducement with prejudice, but overruled Appellees' motion as to the remaining counts.

On August 15, 2018, pursuant to Neb. Rev. Stat. § 25-601 (Reissue 2016), Appellants filed a voluntary dismissal of the

action without prejudice. Appellees did not file an objection to the voluntary dismissal. On August 20, the trial court issued a journal entry effectively treating Appellants' dismissal as a motion dismissing without prejudice. The court then granted the motion and ordered the complaint be dismissed without prejudice, with both Appellants and Appellees to pay their own costs.

Shortly after Appellants filed their dismissal, they commenced a new action in the county court for Holt County, where they asserted two counts of undue influence and one count of fraud in the inducement regarding the same subject matter. The county court subsequently determined that it lacked subject matter jurisdiction over the claims and dismissed the complaint.

In February 2019, Appellants returned to the district court and filed a motion to vacate/reinstate, requesting that the district court vacate its August 2018 journal entry and reinstate the case pursuant to Neb. Rev. Stat. § 25-2001(1) (Reissue 2016). Over Appellees' objection, the court sustained the motion to vacate/reinstate, noting that the pleadings suggested that Appellants had intended to pursue the same course of litigation in the county court and that Appellees would "derive great benefit by not allowing reinstatement of the case." In November 2020, Appellees filed an amended motion for summary judgment. The motion was heard in December 2020.

In March 2021, rather than ruling on Appellees' amended motion for summary judgment, the district court entered an order dismissing Appellants' case. The court reasoned that under § 25-601, a plaintiff may dismiss an action before final submission of the case to the court or jury and that therefore, Appellants did not need permission or an order from the court before the voluntary dismissal became effective. The court therefore determined that its August 2018 journal entry granting dismissal without prejudice was "a mere gratuity." As a result, the court found that Appellants' voluntary dismissal effectively ended the litigation as soon as it was filed and that

any subsequent order from the court purporting to dismiss or reinstate the case was a nullity. The court stated that Appellants must commence a new civil action by filing a petition or complaint because neither the purported reinstatement by the court nor the filing of the amended complaint constituted the filing of a new lawsuit. Thus, the court concluded the case "[stood] dismissed pursuant to [Appellants'] voluntary dismissal." Appellants appeal.

## ASSIGNMENT OF ERROR

Appellants assign, restated and consolidated, that the district court erred in dismissing their case based on their previously filed voluntary dismissal without prejudice.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

[2,3] The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.[2] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[3]

[4] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[4]

---

[1] *In re Grand Jury of Douglas Cty.*, 302 Neb. 128, 922 N.W.2d 226 (2019).

[2] *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014).

[3] *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018).

[4] *Id.*

## ANALYSIS

### JURISDICTION

[5,6] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[5] Generally, an order of dismissal is a final, appealable order.[6]

[7-10] Under Neb. Rev. Stat. § 25-1902(1)(a) (Cum. Supp. 2020), an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, is a final order. A substantial right is an essential legal right, which includes those legal rights that a party is entitled to enforce or defend.[7] A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[8] An order that completely disposes of the subject matter of the litigation in an action or proceeding both is final and affects a substantial right because it conclusively determines a claim or defense.[9]

Here, the district court's March 2021 order of dismissal completely disposed of the subject matter of the litigation and, as such, was a final, appealable order over which we have jurisdiction.

### § 25-601

Having determined that we have jurisdiction over this appeal, we move to the merits of the case. Appellants argue that the district court erred in dismissing their case because, at the time they filed their voluntary dismissal, a final submission had occurred, which divested Appellants of their

---

[5] *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

[6] *Id*.

[7] See, *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012); *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006).

[8] *Big John's Billiards, supra* note 7.

[9] *Id.*

statutory ability to voluntarily dismiss their case under
§ 25-601. We agree.

[11-13] The ability of a plaintiff to dismiss his or her claim(s)
without prejudice is codified in § 25-601 and Neb. Rev. Stat.
§ 25-602 (Cum. Supp. 2020). Generally, under these statutes,
a plaintiff has the right to dismiss an action without prejudice
before final submission of the case, subject to compliance
with conditions precedent as may be imposed by the court.[10]
We have stated that the statutory right to voluntary dismissal
under §§ 25-601 and 25-602 is not a matter of judicial grace
or discretion, but neither is it absolute or without limitation.[11]
After a final submission, dismissal without prejudice requires
leave of court.[12] A final submission of an action contemplates

[10] *Beals v. Western Union Telegraph Co.*, 53 Neb. 601, 74 N.W. 54 (1898);
*Sharpless v. Giffen*, 47 Neb. 146, 66 N.W. 285 (1896). See *Holste v.
Burlington Northern RR. Co.*, 256 Neb. 713, 730, 592 N.W.2d 894,
907 (1999) (holding plaintiff's right to voluntary dismissal before final
submission "is not absolute"); *Horton v. State*, 63 Neb. 34, 88 N.W. 146
(1901). See, also, *Sheedy v. McMurtry*, 44 Neb. 499, 502, 63 N.W. 21, 23
(1895) (explaining "the right of a plaintiff to dismiss at any time during
the pendency of a cause, as a general proposition, must be qualified, and is
not absolute in the sense that it takes the subject without the control of the
court in which the cause is pending, so that it cannot, within its discretion,
impose the condition of the payment of costs as obligatory and precedent
to a dismissal of the action").

[11] *Millard Gutter Co., supra* note 3; *Holste, supra* note 10.

[12] See *Tuttle v. Wyman*, 149 Neb. 769, 32 N.W.2d 742 (1948). See, e.g.,
*Millard Gutter Co., supra* note 3; *Collection Specialists v. Vesely*, 238
Neb. 181, 469 N.W.2d 549 (1991) (plaintiff loses statutory right to dismiss
without prejudice after final submission, but court has discretion to allow
such dismissal depending on facts and circumstances of case); *Pettegrew
v. Pettegrew*, 128 Neb. 783, 260 N.W. 287 (1935) (same); *Knaak v. Brown*,
115 Neb. 260, 212 N.W. 431 (1927) (holding dismissal of action after final
submission must be by leave of court and cannot be accomplished by mere
act of plaintiff alone); *Nelson v. Omaha & C. B. Street R. Co.*, 93 Neb.
154, 139 N.W. 860 (1913); *Bee Building Co. v. Dalton*, 68 Neb. 38, 93
N.W. 930 (1903) (plaintiff loses right to voluntarily dismiss action without
prejudice after there has been final submission, but court has discretion to
permit dismissal).

submission upon both law and facts, and it only exists when nothing remains to be done to render it complete.[13]

In support of their argument that a ruling on a motion for summary judgment is a final submission which deprives a party from being able to voluntarily dismiss their case, Appellants direct us to our recent decision in *Millard Gutter Co. v. American Family Ins. Co.*[14] In *Millard Gutter Co.*, the defendant prevailed on summary judgment regarding three of the plaintiff's four claims. Then, on the morning of trial, the plaintiff filed a voluntary dismissal under § 25-601. The voluntary dismissal was not styled as a motion, but the district court held a hearing to determine the effect of the filing. Ultimately, the court entered a judgment that dismissed without prejudice the claim set for trial, made final the prior summary judgments entered in favor of the defendant, and taxed certain costs to the plaintiff. The plaintiff appealed, arguing that once it filed the voluntary dismissal, the court's jurisdiction over the case terminated and the court lacked the ability to tax costs. The district court rejected the plaintiff's argument, finding that there was a final submission that precluded voluntary dismissal under § 25-601 and that there was a setoff that precluded voluntary dismissal under § 25-602.

[14] On appeal, we held in *Millard Gutter Co.* that a summary judgment motion can be a final submission that will prevent voluntary dismissal under § 25-601. We also found that due to the granting of the appellee's motion for partial summary judgment, there was a final submission regarding some, but not all, of the appellant's claims in the case. As such, because the summary judgments in favor of the appellee were the product of final submissions that had neither been revised nor set aside, we concluded that the appellant lacked the statutory authority under § 25-601 to voluntarily dismiss those claims.

---

[13] See, *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980); *Plattsmouth Loan & Bldg. Ass'n v. Sedlak*, 128 Neb. 509, 259 N.W. 367 (1935).

[14] *Millard Gutter Co., supra* note 3.

As described by one commentator, our holding in *Millard Gutter Co.* was the correct conclusion because a "plaintiff should not be allowed to dismiss claims without prejudice after the claims have been rejected. Otherwise, the plaintiff could avoid an adverse decision on one or more claims by simply dismissing those claims without prejudice and reasserting them in a new action."[15] Additionally, Nebraska is far from alone in treating summary judgments as final submissions that can limit a plaintiff's statutory right to voluntarily dismiss without prejudice.[16]

Likewise, here, the district court granted partial summary judgment in favor of Appellees on their claim of fraud in the inducement. Therefore, under the reasoning set forth in *Millard Gutter Co.*, there was a final submission regarding one, but not all, of Appellants' claims. Accordingly, because the partial summary judgment in favor of Appellees was the product of a final submission that had neither been revised nor set aside, Appellants had no statutory right under § 25-601 to voluntarily

---

[15] See, John P. Lenich, Nebraska Civil Procedure § 34:4 at 1479 (2022).

[16] See, e.g., *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995) (holding that summary judgment is final submission, but court retains discretion to grant voluntary dismissal without prejudice); *Mary Morgan, Inc. v. Melzark*, 49 Cal. App. 4th 765, 57 Cal. Rptr. 2d 4 (1996) (holding voluntary dismissal without prejudice not permitted as matter of right after summary judgment hearing has commenced); *Brandt v. Joseph F. Gordon Architect, Inc.*, 998 P.2d 587 (Okla. 1999) (holding that summary judgment is final submission of claim for purposes of voluntary dismissal statute and forecloses plaintiff's unfettered right to dismiss claim without prejudice); *Bio-Medical Applications, Inc. v. Coston*, 272 Va. 489, 634 S.E.2d 349 (2006) (finding voluntary dismissal was untimely when made after court announced ruling on defendant's motion for summary judgment; at that point, case had been submitted to court for decision); *Beritich v. Starlet Corporation*, 69 Wash. 2d 454, 458, 418 P.2d 762, 764 (1966) (holding plaintiff loses right to voluntarily dismiss without prejudice after motion for summary judgment has been ruled upon, otherwise "[t]he summary judgment procedure, at least from the defendant's viewpoint, would become a virtual nullity if a plaintiff can 'exit stage left' upon hearing an adverse oral decision of the trial judge on the summary judgment motion").

dismiss that claim without prejudice. Consequently, the district court's authority to make further rulings in the case was unaffected by the filing of the voluntary dismissal.

The dissent of our learned colleague recognizes that a court has discretion when considering whether to refuse to dismiss a case and must consider the protection of any rights which have accrued to the defendant.[17] The dissent goes on to note that Appellees took no steps to seek the protection of their rights and that therefore, Appellants' dismissal should have been absolute. However, the very fact that Appellees could have taken steps to protect their rights and the court could have entered an order preserving a counterclaim or the restitution of property of which a party has been deprived or ordering the recovery of Appellants' costs makes it clear that a plaintiff's right to dismiss after a final submission is not absolute.

For the sake of completeness, we note that our opinion should not be construed as holding that a final submission on one claim forecloses a plaintiff from voluntarily dismissing other claims which have not yet been finally submitted. But in this case, Appellants attempted to do much more than that; they filed a voluntary dismissal purporting to dismiss the entire action without prejudice, which necessarily included the fraud claim which had been finally submitted and decided on summary judgment.

While the final submission on the fraud claim did not affect whether Appellants could voluntarily dismiss their undue influence claims, it did affect whether they could voluntarily dismiss the entire action pursuant to § 25-601. In other words, after one of several claims has been finally submitted, the plaintiff retains the right under § 25-601 to voluntarily dismiss other claims which have not yet been finally submitted, but they lose the statutory right to voluntarily dismiss the entire action.

---

[17] See *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002).

## § 25-602

[15] Appellants also argue that, pursuant to § 25-602, they did not have a statutory right to dismiss their case because Appellees included a counterclaim in their amended answer. Under § 25-602, a plaintiff loses the right to voluntarily dismiss a claim without prejudice when a counterclaim or setoff has been filed by the opposing party. Because we have already determined that there was a final submission in this case that divested Appellants of their statutory right to dismissal under § 25-601, we do not find it necessary to discuss whether a counterclaim or setoff had been filed. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the case and controversy before it.[18]

### REINSTATEMENT

Lastly, we consider Appellants' argument that the trial court had statutory authority to reinstate the case after the voluntary dismissal was filed.

[16,17] Generally, an order of dismissal or dismissal by operation of law divests a court of jurisdiction to take any further action in the matter.[19] Moreover, when a case is voluntarily dismissed by a party, the controversy between the parties upon which a trial court may act ends.[20]

[18] But, in civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgment at any time during the term in which the court issued it.[21] Additionally, under § 25-2001(1), this inherent power allows a court to "vacate or modify its judgments or orders . . . after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order." A

---

[18] *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022).

[19] *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013).

[20] See *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

[21] *Molczyk, supra* note 19.

court treats a motion to reinstate a case after an order of dismissal as a motion to vacate the order, and a court generally has jurisdiction over a motion to vacate an order of dismissal and reinstate a case.[22]

Here, we have already determined that because Appellants did not have a statutory right to dismissal under § 25-601, the district court's authority to make further rulings in the case was unaffected by the filing of the voluntary dismissal. Additionally, Appellants timely filed their motion to reinstate under § 25-2001(1).

Moreover, although the district court "granted" Appellants' motion to dismiss, the court also had jurisdiction over the motion to reinstate and properly exercised its discretion in vacating the dismissal and reinstating the case.[23] Thus, its subsequent order reinstating the case was not a nullity, and the district court erred in determining that the case "[stood] dismissed pursuant to [Appellants'] voluntary dismissal."

## CONCLUSION

For the reasons set forth herein, the order of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[22] *Id*.

[23] See *Horton v. State*, 63 Neb. 34, 88 N.W. 146 (1901) (holding court has discretion to vacate and set aside plaintiff's voluntary dismissal).

CASSEL, J., dissenting.

The key question, it seems to me, is whether a previous order granting a partial summary judgment precludes a plaintiff from voluntarily dismissing an entire action as a matter of right with the acquiescence of the defendant. Because I conclude that it does not, I would affirm the district court's order.

The dismissal was patently clear. It was entitled "Dismissal Without Prejudice." I quote its body in full: "COMES NOW

the [copersonal representatives], by and through counsel, and hereby dismisses the above-captioned matter, <u>without preju-dice</u>, pursuant to Neb. Rev. Stat. § 25-601 [(Reissue 2016)]." (Emphasis in original.)

The copersonal representatives' complaint had asserted three causes of action against Tommy B. Schaaf and Susan M. Schaaf. One claimed that they unduly influenced Lorene M. Schaaf to deed four parcels of real estate to them in February 2009. Another alleged that they unduly influenced her to deed another tract of real estate in September 2014. And the third claimed that the two deeds were induced by their fraudulent representations.

In May 2018, Tommy and Susan moved for summary judgment on all claims. In July, the court denied their motion in all but one respect; it granted summary judgment on the fraud-in-the-inducement claim, but only as to the February 2009 deed. In other words, the court denied summary judgment except as to part of a single claim.

Shortly thereafter, in search of a more favorable forum in county court, the copersonal representatives filed their dismissal in district court. A few days later, the district court entered an order characterizing the dismissal as a "motion" and stating in relevant part: "Motion granted, and complaint dismissed without prejudice. Each party ordered to pay their own costs."

Tommy and Susan did not resist the dismissal or seek to preserve any aspect of the order partially granting summary judgment.

In February 2019, after apparently concluding that the county court was not a better forum, the copersonal representatives sought to vacate the district court's order of dismissal in order to resume their litigation there. Tommy and Susan resisted. Over their objection, the district court initially reinstated the complaint. Later, the court recognized the effect of the prior unilateral dismissal pursuant to Neb. Rev. Stat. § 25-601 (Reisue 2016).

Nebraska statutes have always permitted a plaintiff to dismiss an action without prejudice to a future action "before the final submission of the case to the jury, or to the court, where the trial is by the court."[1] After final submission, a plaintiff must obtain leave of the court to dismiss an action without prejudice.[2]

Long ago, this court recognized that there is an obvious danger in allowing dismissal as a matter of right after submission to the court. The danger is that "litigation would become interminable, because a party who was led to suppose a decision would be adverse to him could prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation."[3] And "it would be a reproach to our judicial system to permit a defeated litigant to abandon his case and sue again, thus harassing the defendant and wasting money raised by taxation for public purposes."[4]

This court has stated that a plaintiff "'has an absolute right to dismiss'" an action prior to final submission, subject to compliance with conditions precedent as may be imposed by the court.[5] This court has called it "an unqualified right" that can be exercised "without leave of court."[6] On the other hand, this court has declared that a plaintiff's right to voluntary dismissal is not absolute, whether sought before or after final submission.[7]

---

[1] Rev. Stat. ch. 1 § 430, p. 465 (1866). Cf. § 25-601. See, also, Neb. Rev. Stat. § 25-602 (Cum. Supp. 2020).

[2] See *State v. Scott*, 22 Neb. 628, 36 N.W. 121 (1888).

[3] *Id.* at 640, 36 N.W. at 126.

[4] *Bee Building Co. v. Dalton*, 68 Neb. 38, 42, 93 N.W. 930, 931 (1903).

[5] *Plattsmouth Loan & Bldg. Ass'n v. Sedlak*, 128 Neb. 509, 512, 259 N.W. 367, 369 (1935).

[6] *Werner v. Werner*, 186 Neb. 558, 559-60, 184 N.W.2d 646, 647 (1971).

[7] See, *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999); *Sheedy v. McMurtry*, 44 Neb. 499, 63 N.W. 21 (1895).

While this court has characterized the right to dismiss as a statutory right and not a matter of judicial grace or discretion,[8] it has also explained that a court has discretion to refuse to dismiss a case.[9] In recognizing exceptions to a plaintiff's right to dismiss, it has permitted a court to use discretion where it is necessary for the protection of any rights which have accrued to the defendant.[10] This court has said that

> "'the only discretion which may be exercised in the matter is the protection of any rights which have accrued to defendant as a result of the bringing of the action, such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like; that in the absence of such considerations the right to dismiss is absolute . . . .'"[11]

But this court has never applied this discretion where, as here, the defendant seeks no protection and supports the plaintiff's dismissal. Tommy and Susan took no action whatsoever after the August 2018 dismissal. Clearly, they were aware of the dismissal's content. And they were likewise familiar with the court's order entered a few days later. They did not file an appeal. Nor did they file any motion to retax costs or to preserve the partial summary judgment. Indeed, when the copersonal representatives sought reinstatement, Tommy and Susan resisted. At oral argument before this court, they disputed any attempt to read their answer as having asserted a counterclaim. One can scarcely imagine any more that they

---

[8] See, *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980); *Miller v. Harris*, 195 Neb. 75, 236 N.W.2d 828 (1975).

[9] See *Horton v. State*, 63 Neb. 34, 88 N.W. 146 (1901).

[10] See, *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002); *Blue River Power Co. v. Hronik*, 116 Neb. 405, 217 N.W. 604 (1928).

[11] *Kansas Bankers Surety Co. v. Halford, supra* note 10, 263 Neb. at 978, 644 N.W.2d at 870 (quoting *Feight v. Mathers*, 153 Neb. 839, 46 N.W.2d 492 (1951)).

might have done to acquiesce in the copersonal representatives' voluntary dismissal.

The net effect of this court's decision is to impose upon Tommy and Susan the "benefit" of a partial summary judgment that they gave up by acquiescing in the dismissal. It rewards the copersonal representatives' forum shopping and allows them to "have [their] cake and eat it too."

The majority opinion teaches defendants that after a motion for summary judgment has been granted in any respect, they dare not rely upon a plaintiff's voluntary dismissal. I suggest that this turns the law upside down and shields a dismissing party from the consequences of its own conduct. I respectfully dissent.