Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/28/2023 09:06 AM CDT

Kendel Blake Swicord, appellant, v. Nebraska
Police Standards Advisory Council and
Nebraska Commission on Law Enforcement
and Criminal Justice, also known as
Nebraska Crime Commission, appellees.

___ N.W.2d ___

Filed July 28, 2023.    No. S-22-648.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Administrative Law: Statutes: Appeal and Error.** The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
3. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the parties raise the issue.
4. **Appeal and Error.** In Nebraska, the right to appeal is purely statutory in that the right to appeal does not exist unless a statute provides for an appeal.
5. **Jurisdiction: Statutes: Appeal and Error.** The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.
6. **Jurisdiction: Appeal and Error.** If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.
7. **Administrative Law: Parties: Jurisdiction: Appeal and Error.** The requirements contained in Neb. Rev. Stat. § 84-917(2)(a)(i) (Cum. Supp. 2022) are prerequisites to vest the district court with subject matter jurisdiction under the Administrative Procedure Act, and a petitioner's failure to make all parties of record to the proceedings for

review means jurisdiction to hear the petition never vested with the district court.

Appeal from the District Court for Hall County: Ryan C. Carson, Judge. Appeal dismissed.

Steven M. Delaney and Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellant.

Michael T. Hilgers, Attorney General, and Elizabeth O. Gau for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Funke, Papik, and Freudenberg, JJ., and Lux, D.J.

Heavican, C.J.

## INTRODUCTION

Kendel Blake Swicord petitioned the district court for review under Neb. Rev. Stat. § 84-917 (Cum. Supp. 2022) of the Administrative Procedure Act (APA) of an order of the Nebraska Police Standards Advisory Council (Council) that, ultimately, denied him admission into the basic officer certification training at the Nebraska Law Enforcement Training Center (Training Center). The district court affirmed the order of the Council. Swicord appeals from that order under Neb. Rev. Stat. § 84-918 (Reissue 2014). Because we conclude that the district court lacked jurisdiction to review Swicord's denial of admission into basic training, we dismiss Swicord's appeal.

## BACKGROUND

The Seward County sheriff's office hired Swicord as a noncertified conditional law enforcement officer. Swicord was previously a certified law enforcement officer in the State of Georgia. The Seward County sheriff applied, on behalf of Swicord, for "Reciprocity Certification [training] in lieu of attending Basic Officer Certification [training]" at the Training Center. That application was denied by the director

of the Training Center (Director) and upheld by the Council. Swicord was found to lack good character because he could not be characterized as being truthful, honest, or trustworthy due to the fact that he knowingly made false statements on his application. Swicord petitioned the district court for review of the decision of the Council under the APA. We ultimately upheld that denial in *Swicord v. Police Stds. Adv. Council* (*Swicord I*).[1]

The issue in *Swicord I* centered around Swicord's answers to certain questions on his application regarding professional licenses or certifications. These questions included whether Swicord had "**ever**, either as an adult or juvenile, been **cited**, **arrested**, **charged**, or **convicted** for a violation of **any** law" and if Swicord "ever had a professional license that you hold be under investigation?" Although Swicord answered these questions in the negative, he, in fact, had been arrested for alleged battery in January 2018, for which he completed a pretrial diversion program, and the "Georgia Peace Officer Standards and Training Council" had voted to revoke Swicord's law enforcement certification in December 2018 after an internal affairs investigation revealed he had violated agency policies and had displayed a lack of veracity during an internal investigation. Swicord also failed to disclose these facts in the personal character affidavit included in his application for reciprocity training.

After the Council heard Swicord's reciprocity application appeal, the sheriff asked the Director whether Swicord was "wasting his time" if he applied for basic training. During this discussion, the Director told the sheriff that Swicord should answer "yes" to those same questions, but the Director did not directly answer the question posed. Before the resolution of judicial review of Swicord's denial of his reciprocity application, he applied for admission into basic training at

---

[1] *Swicord v. Police Stds. Adv. Council*, 309 Neb. 43, 958 N.W.2d 388 (2021).

the Training Center. This time, Swicord answered "yes" to the pertinent questions in his application as directed by the sheriff. Pursuant to 79 Neb. Admin. Code, ch. 8, § 005.05 (2005), the sheriff verified that a thorough background investigation was conducted and that he determined Swicord met the minimum standards for admission, including that Swicord demonstrated good character.

After reviewing Swicord's application packet and conducting further investigation into Swicord's background, the Director denied Swicord's application for admission. The Director specified that Swicord could not be characterized as being honest, truthful, or trustworthy based on the false statements he made on his application for reciprocity training. The Director also specified that revocation proceedings for Swicord's Georgia law enforcement certification were presently pending. Swicord appealed the Director's decision to the Council under 79 Neb. Admin. Code, ch. 13 (2005).[2]

After Swicord had submitted his appeal of the Director's denial of admission to basic training, he resigned as a noncertified conditional law enforcement officer, but continued his employment with the Seward County sheriff's office in a civilian capacity.

Upon Swicord's request, the Council stayed the basic training appeal pending resolution of the judicial review of the denial of Swicord's reciprocity application. After we upheld the denial of Swicord's reciprocity application in *Swicord I*, the Council held a hearing on Swicord's appeal of the Director's denial of his application for entrance to basic training.

After the hearing, the Council found, in part, that (1) Swicord should be expected to understand the importance of being honest and truthful, (2) his dishonest behavior surrounding his reciprocity application was recent, (3) he failed to accept responsibility for his prior actions, (4) he demonstrated

---

[2] Compare 79 Neb. Admin. Code, ch. 13, § 4.02, with 79 Neb. Admin. Code ch. 8, § 9 (2005).

a lack of honesty and truthfulness at the hearing before the Council related to the status of his certification in Georgia, and (5) although he presented a multitude of references that endorsed his general character, they did not address the lack of honesty and truthfulness that Swicord had shown before the Council. The Council concluded that Swicord could not be characterized as being honest, truthful, and trustworthy and had failed to meet his burden by clear and convincing evidence that he possessed good character. The Council affirmed the Director's denial of Swicord's application for entrance into basic training for failing to meet the minimum requirements for admission.

Swicord petitioned the district court for review under § 84-917 of the APA. Swicord argued that the sheriff was the only person authorized by regulation to conduct a background investigation and that, in essence, the sheriff's character determination was binding on the Council. In addition, Swicord argued that the Council failed to properly consider his application for entrance into basic training.

On its review de novo on the record, the district court rejected Swicord's arguments. The court concluded that although the sheriff was primarily responsible for conducting a background investigation, the determination of Swicord's character was subject to further inquiry by the Director, and that the final decision rested with the Council. In addition, the court found that in reaching its conclusion, the Council independently reviewed the evidence and evaluated the credibility of witnesses before it. Ultimately, the court concluded that Swicord did not meet the mandatory admission requirements and affirmed the Council's order.

Swicord filed a timely appeal, and we moved this case to our docket.[3] Before hearing arguments in this case, we requested the parties to submit supplemental briefs that addressed

---

[3] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022); Neb. Ct. R. App. P. § 2-102(C) (2022).

whether judicial review under the APA was proper, particularly whether the proceeding before the Council was a contested case. Both parties submitted supplemental briefs, which we have considered.

## ASSIGNMENTS OF ERROR

Swicord assigns that the district court erred by concluding that (1) the Director did not usurp the sheriff's authority to conduct a background investigation and (2) the Council properly evaluated all mitigating factors concerning his application.

## STANDARD OF REVIEW

[1,2] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[4] The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[5]

## ANALYSIS

[3] It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the parties raise the issue.[6] Accordingly, before turning to the merits of Swicord's appeal, we must first consider whether we have jurisdiction of this matter.

[4-6] In Nebraska, the right to appeal is purely statutory in that the right to appeal does not exist unless a statute provides for an appeal.[7] In order for this court to have jurisdiction over an appeal, appellate jurisdiction must be specifically

---

[4] *In re Interest of K.C.*, 313 Neb. 385, 984 N.W.2d 277 (2023).

[5] *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023).

[6] *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

[7] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

provided by the Legislature.[8] The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.[9] If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.[10] Consequently, if the district court failed to have jurisdiction over Swicord's petition, then this court likewise lacks jurisdiction over his appeal.

Having asked for briefs and having focused the parties on whether the Council's decision was made "in a contested case," we choose to leave such analysis for a more appropriate future case. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[11] Upon our review of the record, we conclude that § 84-917(2) is dispositive of the jurisdictional question. Hence, we do not determine whether the Council's decision was "in a contested case."

Our review of the record shows that the district court lacked jurisdiction over Swicord's petition for review because he failed to include all parties of record.

Amended in 2020, § 84-917(2)(a)(i) provides in relevant part:

All parties of record shall be made parties to the proceedings for review. A party of record for district court proceedings for review shall include any person who appeared either personally or through an attorney, who was a participant in the agency's contested hearing, and who was treated as a party by the agency's hearing officer. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a

---

[8] *Id.* See Neb. Const. art. V, § 2.

[9] *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183 (2020).

[10] *County of Lancaster v. County of Custer, supra* note 6.

[11] *Charter West Bank v. Riddle, ante* p. 263, 989 N.W.2d 428 (2023).

party of record. In all other cases, the agency shall be a party of record.

[7] We have held that the requirements contained in § 84-917(2)(a)(i) are prerequisites to vest the district court with subject matter jurisdiction under the APA and that a petitioner's failure to make all parties of record to the proceedings for review means jurisdiction to hear the petition never vested with the district court.[12] In that way, although we have used the term "necessary parties," the inclusion of the proper parties of record is a matter of "indispensable parties."[13]

Under 79 Neb. Admin. Code, ch. 13, § 004.02A, "[a]n aggrieved individual and or [law enforcement] agency may appeal decisions of the Director related to admission to training, certification status, and discipline." The appeal must be first presented to the Director by submitting a written "request for review and reconsideration" and "a proposed resolution" for the Director's consideration.[14] After investigating and considering the written request and proposed resolution, the Director must "provide a written decision."[15] That decision of the Director may then be appealed to the Council.[16] "The issues presented to the Council on appeal [are] limited to those raised in the request for review and reconsideration . . . and the Director's written decision in response."[17] Additionally, "[t]he Director or his/her designee shall respond to [the appellant's] arguments" before the Council.[18] Thereafter, the Council

---

[12] See, *Omaha Expo. & Racing v. Nebraska State Racing Comm., supra* note 9; *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

[13] See *Omaha Expo. & Racing v. Nebraska State Racing Comm., supra* note 9 (citing cases).

[14] 79 Neb. Admin. Code, ch. 13, § 004.02C.

[15] *Id*., § 004.02D.

[16] *Id*., § 004.02E.

[17] *Id*., § 004.02G.

[18] *Id*., § 004.02H.

"shall affirm, modify or deny" the Director's decision, and "[t]he decision of the Council is final."[19]

The administrative record shows that the Director needed to be included as a party of record under § 84-917(2)(a)(i). At the hearing on Swicord's appeal from the Director's denial of his application for entrance into basic training, the Director was present and represented by counsel. The Director's counsel made an opening statement, cross-examined Swicord's witnesses, presented evidence, and made a closing argument. Since the Director appeared, participated, and was treated as a party at the hearing before the Council, the Director was required to be made a party to the district court proceedings for review under § 84-917(2). Accordingly, because Swicord failed to properly make the Director a party to the proceedings for review, the district court lacked subject matter jurisdiction to consider Swicord's petition.

## CONCLUSION

Because the district court lacked jurisdiction, we acquired no jurisdiction, and Swicord's appeal must be dismissed.

APPEAL DISMISSED.

STACY, J., not participating.

---

[19] *Id.*, § 004.02J. See *id.*, § 004.02H.