Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/31/2023 09:08 AM CDT

Paw K., appellee, v.
Christian G., appellant.

___ N.W.2d ___

Filed October 17, 2023.    No. A-23-195.

1. **Rules of Evidence: Appeal and Error.** Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion.

2. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection.

4. **Motions to Vacate: Time: Appeal and Error.** The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.

5. **Jurisdiction.** One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person.

6. **Jurisdiction: Waiver.** Generally speaking, the filing of a general appearance which does not preserve an objection to personal jurisdiction constitutes a waiver of personal jurisdiction.

7. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned.

8. **Judgments: Records: Presumptions: Evidence: Appeal and Error.** In the absence of a record of the evidence considered by the court, it

is presumed on appeal that the evidence supports the trial court's orders and judgment.

9. **Trial: Evidence: Affidavits.** Generally, an affidavit is not admissible to establish facts material to the issue being tried.

10. **Affidavits: Legislature: Statutes.** The Legislature may provide a statutory exception to the general rule regarding the admissibility of affidavits.

11. **Hearsay: Words and Phrases.** Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

12. **Rules of Evidence: Hearsay.** Hearsay is not admissible except as provided by the Nebraska Evidence Rules or elsewhere.

13. **Rules of Evidence: Hearsay: Words and Phrases.** A written assertion offered to prove the truth of the matter asserted is a hearsay statement under Neb. Rev. Stat. § 27-801(3) (Cum. Supp. 2022), unless it falls within an exception or exclusion under the hearsay rules.

14. **Trial: Hearsay: Evidence: Appeal and Error.** When the opposing party objects to evidence as hearsay and the trial court sustains the objection, the proponent is required to point out the possible hearsay exceptions in order to preserve the point for appeal.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Courtney R. Ruwe, of Astley Putnam, P.C., L.L.O., for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Christian G. appeals from an order of the district court for Lancaster County denying his motion to vacate a domestic abuse protection order. We affirm.

## BACKGROUND

On January 20, 2023, Paw K. filed a petition and affidavit to obtain a domestic abuse protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2022). The petition and

affidavit concerned Christian, the father of Paw's child. Paw included her address in Lincoln, Nebraska, and gave an Iowa address for Christian. The petition stated that Paw was a victim of domestic abuse. In the section regarding other past or current court cases involving the parties, Paw listed two separate case numbers, as well as a previous 2019 incident when "he was arrested for domestic assault of me." On the affidavit on the provided form, Paw described three different incidents of domestic abuse, which we will quote verbatim. Paw alleged that on January 10, 2023,

[C]hristian started at 7:15am with abuse texts threatening me and telling lies about me and our son making false accusations threat to come to my house and posted on public facebook lies he has hitbme in the past and im affaird if he shows up he will again i tell him to stop haressing me amd to leave me alone and everytime he gets worse today did not stop until 11:40 all while i was at work continue to text me i have them attached I get so stressed I break out in hives and need to get shots. I am very afraid of him.

Paw alleged that on December 22, 2022,

starting at 230 pm he started abuse again because christmas was my court ordered holiday and he was mad he could not see [our son] till Dec27th he called me a fucking bitch and went on with his abuse till 340pm.

he had me so scared and up that i damaged 72 parts at work valved at $500 each i almost my job cause he not leave me alone.

Paw alleged that on December 8 through 9,

starting on the 8th at noon he started demanding extra time when i told him the court order said friday at 3pm was the pick up time he got mad and start texting and haressing me about being a fucking bitch and the court order did not mean shit . he then continued it up again at noon the next day and again used horrible words he always calls me bad words and threaten to co.e to my house he say he make me listen I afraid of him.

Attached to Paw's petition and affidavit were 10 additional pages of screenshots and notes by Paw regarding other dates and incidents.

On the same day the petition and affidavit were filed, January 20, 2023, the district court entered an ex parte domestic abuse protection order in favor of Paw, and such order was to remain in effect for 1 year unless otherwise modified by the court. The ex parte order stated that if Christian wished to appear and show cause why the order should not remain in effect, he was to return the provided "Request for Hearing" form within 10 business days after service upon him. It was also ordered that "a copy of this order and a copy of the petition be served on the respondent and a copy of this order be mailed to the petitioner(s)."

On January 23, 2023, Christian filed a "Request for Hearing - Protection Order." On the request for hearing form, Christian marked the box stating, "I do not agree to receive notification by email."

In its "Order for Hearing" filed on Monday, January 23, 2023, the district court set a hearing for the following Monday, January 30, at 10:30 a.m. The "Certificate of Service" signed by the clerk of the court states that on January 24, a copy of the foregoing document was served on Christian at an address in Iowa "by mailing by United States Mail."

On January 30, 2023, the district court entered an "Order Affirming Domestic Abuse Protection Order" in favor of Paw. The order states that Christian did not appear at the hearing that day. The order also states that evidence was adduced, and the court found that it had jurisdiction of the parties and subject matter. The court further found that Paw had shown that Christian: "attempted to cause or intentionally and knowingly caused bodily injury with or without a dangerous instrument"; "by means of a credible threat, placed the petitioner(s) in fear of bodily injury"; or "engaged in sexual contact or sexual penetration without consent as defined by Neb. Rev. Stat. § 28-318."

On February 9, 2023, Christian filed a motion to vacate the January 30 order

> on the ground that the court's "Order for Hearing" issued on January 23, 2023, directing that a hearing be held on January 30, 2023, at 10:30 a.m., was not served on the respondent until *after* January 30, 2023, at 10:30 a.m., as shown in the attached Affidavit of Christian . . . , and on the ground that the court lacks jurisdiction over the person of the respondent.

(Emphasis in original.) In his attached affidavit, Christian stated that he "picked up the mail from [his] mailbox," on January 30, 2023, at "approximately 3:30 p.m.," and among the items was the "'Order for Hearing,'" stating that the hearing would be held on January 30 at 10:30 a.m. Christian stated that "[b]ecause it was already 3:30 p.m., it was impossible for [him] to attend this hearing." He also stated:

> As further proof that I did not receive this "Order for Hearing" until it was too late, attached to this Affidavit is a copy of an email that "USPS Informed Delivery" transmitted to my email address on January 30, 2023, at 7:24 a.m., stating, "You have mail and packages arriving soon," and including an image of the front of each envelope that would be "arriving soon." . . . As can be seen, the envelope from "Clerk of the District Court, . . . Lincoln, Nebraska . . ." is the second image. This further proves that I did not receive the envelope prior to January 30, 2023. Finally, although the email from "USPS Informed Delivery" was transmitted at 7:24 a.m. on January 30, 2023, I did not access that email until well after that time, and even if I had accessed that email at exactly 7:24 a.m. on January 30, 2023, it would have made no difference to my ability to attend the hearing in the Matter that day at 10:30 a.m., because, obviously, **the email only contains an image of the front of the envelope**. In other words, I did not have, and would not have had, any idea what document was inside the envelope until I opened it, which

I did not do until I picked up the mail from my mailbox at approximately 3:30 p.m. that day.

(Emphasis in original.) A copy of an email from "USPS Informed Delivery" dated January 30, 2023, at 7:24 a.m. was attached to Christian's affidavit.

A hearing on Christian's motion to vacate was held on March 3, 2023. In support of the motion to vacate, Christian's counsel offered into evidence exhibit 2, "an affidavit that was attached to the motion." Paw's counsel objected on "foundation and hearsay." Paw's counsel then stated, "I would also like to bring to the Court's attention, that the affidavit that was just handed to me, [sic] notates [Christian's] email address on the USPS attachment. But on that, that was filed with the Court, an email address does not appear."

The district court asked Christian's counsel why exhibit 2 was not hearsay, and counsel responded, "[T]his is not a trial or a formal evidentiary hearing on a complaint or a petition. This is a motion to vacate. So, there is no oral testimony; the rules of evidence don't apply." Counsel further stated, "The strict rules of evidence do not apply . . . on a motion to vacate what is, effectively, a default judgment in this particular case. That's — that's how that's done." As to foundation, counsel stated, "I don't know what foundation is lacking. . . . It's an affidavit." The following colloquy was then had on the record.

> [Paw's counsel:] On the original affidavit that was filed with this Court, no email address is contained on this USPS alleged proof that he didn't get service. And now, all of the sudden, he has an affidavit that shows that email address. He wouldn't have foundation to testify to that. And it, certainly, is hearsay.
>
> And I'm unaware of any rule that says that the rules of evidence don't apply here at a motion to vacate.
>
> THE COURT: Further response?
>
> [Christian's counsel:] No. I mean, I don't — there is an email address that's visible on one that wasn't on the other. I'm not sure. Maybe it was redacted — that was

redacted. I don't know. I don't have any idea. I don't know. That doesn't mean that there's no foundation.

THE COURT: Okay. Let me take just a brief moment to see if I can find anything that would support your argument, as it relates to the rules of evidence not applying. I'm just not aware why they wouldn't apply. I'm not seeing anything in the statute on a motion to vacate that says they don't apply.

[Christian's counsel:] Well, it's like a motion for summary judgment. It's like a, I mean, it's a motion to vacate a final order. There's no oral testimony, there's no rules of evidence that apply. There's — that's what happens. These are based on affidavits.

(Pause in proceedings.)

THE COURT: I'll say, the first case that popped up, there is evidence offered on a motion to vacate.

For record purposes, I'm not aware of any case that says the rules of evidence don't apply in this proceeding.

I've had an opportunity to review the case law, as well as the statute, related to vacating orders or judgments. Specifically, I looked at 25-2001. And I'm not seeing anything that indicates that the rules of evidence do not apply, and so, *the hearsay objection is going to be sustained*.

(Emphasis supplied.)

Christian's counsel then addressed the "other part" of the motion to vacate, that the district court lacked personal jurisdiction "to enter a final protection order against a non-resident respondent." The court noted that Christian requested the hearing, and then said, "Didn't he submit himself to the jurisdiction of the Court at that point?" Counsel responded:

Certainly not. So, the request for hearing, all it says is that if you don't want this to — ex parte to remain in effect, you have to request a hearing. And so, what you don't know is the basis for wanting to not have that ex

parte remain in effect. So that could be personal jurisdiction and certainly what it was.

Moreover, there's the rule. The rule is, one who invokes the power of the Court on an issue other than the Court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person.

This is, of course, what the Nebraska Supreme Court says. What it means is — what the Third Circuit said in *Bel-Ray Company v. Chemrite*, 181 F.3d, 435, 1999, submission to personal jurisdiction based on seeking affirmative relief is implicated only when a court, quote, considers the merits or quasi-merits of controversy.

The other reason that this does not constitute a waiver of any objection to personal jurisdiction is because the Court doesn't have any discretion. The — in fact, the act of a hearing being held is ministerial. So, under the statute, it has to be done.

Whereas on, let's say, a 12(b)(6) motion, where somebody is served with a complaint, and they file a 12(b)(6) motion, and they don't assert personal jurisdiction, then they have waived it because they're asking the Court to rule on something. But it is a discretionary matter for the Court. The Court doesn't have to grant it. The Court uses its discretion in determining whether to grant the 12(b)(6) motion.

This is — there is no discretion here. There has to be a hearing. [Christian] doesn't seek affirmative relief from the Court by requesting a hearing that just says, I don't want this to remain in effect, so I request a hearing.

Christian's counsel noted that when a respondent is served with an ex parte protection order, attached to that order is a request for hearing that the respondent must send in. He then stated:

The statute provides that there has to be, then, a hearing and it's got to be, you know, within — whatever it is. I think it says 30 days. That is a ministerial act. It's

— you're not — he's not invoking the Court's jurisdiction on something that the Court has, right, the authority or discretion to deny. There has to be a hearing if he requests it.

Moreover, the request for hearing form doesn't say, you know, personal jurisdiction. It just says request for hearing. So how does this Court know that he doesn't want to have a hearing so that he can challenge personal jurisdiction.

. . . .

. . . I mean, how does one challenge personal jurisdiction without a hearing.

The court noted that Christian requested a hearing but did not show up for the hearing. Christian's counsel's response was that the court "improperly granted a hearsay objection" regarding the affidavit in support of the motion to vacate, which claimed he was not served. Counsel then stated, "[Y]ou get 30 days to order a hearing. Seven days for somebody who is out of state . . . almost seems maybe intentional. But I'm not saying that."

Paw's counsel argued that Christian could have challenged personal jurisdiction by filing a motion to dismiss and requesting a hearing within that motion. Counsel also contended that under Neb. Rev. Stat. § 25-536 (Reissue 2016), Christian had sufficient contacts with the State of Nebraska to warrant personal jurisdiction. Counsel stated that the acts that led Paw to file a protection order "were all actions that would stem here in Nebraska"; "[t]he case law is pretty clear that it's not from the state where the person sends these texts or messages, it's where the person receives them. And that's here in the state of Nebraska." Counsel also reminded the court about the parties' paternity/custody case and said that Christian was "ordered to come here to Nebraska to pick up his child to bring him back to Iowa every other weekend," "[s]o, he continually is having contact with this state." Additionally, Christian's affidavit was notarized in the State of Nebraska.

At the conclusion of the hearing, the district court orally denied Christian's motion to vacate. The court's written order was subsequently entered on March 8, 2023.

Christian appeals.

## ASSIGNMENTS OF ERROR

Christian assigns that the district court erred in (1) refusing to receive his affidavit and (2) denying his "'Motion to Vacate'" the "'Order Affirming Domestic Abuse Protection Order'" when he sought to vacate on the grounds that (a) he was not served with the "'Order for Hearing'" until after the hearing had occurred and (b) the court did not have personal jurisdiction over him.

## STANDARD OF REVIEW

[1,2] Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *Hernandez v. Dorantes*, 314 Neb. 905, 994 N.W.2d 46 (2023). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Schaaf v. Schaaf*, 312 Neb. 1, 978 N.W.2d 1 (2022).

[3] Apart from rulings under the residual hearsay exception, we review for clear error the factual findings underpinning a trial court's hearsay ruling and review de novo the court's ultimate determination to admit evidence over a hearsay objection. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008).

[4] The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Schaaf v. Schaaf, supra*.

## ANALYSIS

### Personal Jurisdiction

Christian argues that the district court did not have personal jurisdiction over him when it entered the "Order Affirming Domestic Abuse Protection Order" and that therefore, the court erred in denying his motion to vacate that order. More specifically, he argues that the court did not have personal jurisdiction over him

> because there was nothing in [Paw's] "Petition and Affidavit to Obtain Domestic Abuse Protection Order" alleging or averring any act of abuse by Christian, as that term is defined in Neb. Rev. Stat. § 42-903(1), because Paw . . . affirmatively alleged that Christian was not a resident of Nebraska, and because Paw . . . did not make a prima facie showing at the hearing on Christian's "Motion to Vacate" that the district court had personal jurisdiction over him to issue its "Order Affirming Domestic Abuse Protection Order."

Brief for appellant at 25.

[5,6] Upon receipt of the ex parte domestic abuse protection order, Christian neither filed a motion to dismiss for lack of personal jurisdiction nor specifically stated in his request for hearing on the protection order that he was challenging personal jurisdiction. See, Neb. Ct. R. Pldg. § 6-1112(b)(2) (defense of lack of jurisdiction over person shall be asserted in responsive pleading or made by motion; if pleading sets forth claim for relief to which adverse party is not required to serve responsive pleading, adverse party may assert at trial any defense in law or fact to that claim for relief); § 6-1112(h)(1)(B) (defense of lack of jurisdiction over person is waived if neither made by motion under this rule nor included in responsive pleading). Because Christian neither filed a motion to dismiss for lack of personal jurisdiction nor specifically stated in his request for hearing on the protection order that he was challenging personal jurisdiction, he waived personal jurisdiction. See, *In re Estate of Marsh*, 307

Neb. 893, 951 N.W.2d 486 (2020) (one who invokes power of court on issue other than court's jurisdiction over one's person makes general appearance so as to confer personal jurisdiction); *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016) (it does not take much to make general appearance; party will be deemed to have appeared generally if, by motion or other form of application to court, he or she seeks to bring its powers into action on any matter other than question of jurisdiction over that party; and even motion for continuance constitutes general appearance that confers jurisdiction over moving party); *Clark v. Clark*, 26 Neb. App. 289, 918 N.W.2d 336 (2018) (generally speaking, filing of general appearance which does not preserve objection to personal jurisdiction constitutes waiver of personal jurisdiction).

[7,8] Even if Christian did not waive personal jurisdiction, it appears Paw established that the district court had personal jurisdiction over Christian at the January 30, 2023, show cause hearing that Christian did not attend. See *Wheelbarger v. Detroit Diesel*, 313 Neb. 135, 983 N.W.2d 134 (2023) (because our long-arm statute, § 25-536, confers personal jurisdiction over nonresidents to fullest extent constitutionally permitted, inquiry is whether defendant had sufficient minimum contacts with Nebraska so that exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice). Christian did not request the inclusion of that January 30 show cause hearing in his "Request for Bill of Exceptions," and therefore, it is not contained in our record. It is incumbent upon the appellant to present a record supporting the errors assigned. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id*. In this case, the court's order affirming the domestic abuse protection order following the January 30 hearing states in relevant part, "Evidence was adduced, and the court, being fully advised, finds that this court has jurisdiction of the parties[.]"

We are required to presume that the evidence supports the district court's finding that it had personal jurisdiction of Christian. Accordingly, Christian's claim that the district court did not have personal jurisdiction of him fails.

Finally, Christian asserts that Paw failed to make a prima facie showing of personal jurisdiction at the hearing on Christian's motion to vacate. However, Paw notes that Christian's request for hearing on the ex parte protection order constituted a general appearance and a waiver of jurisdiction. She further contends that she had already established that the district court had personal jurisdiction of Christian at the show cause hearing. We have addressed both issues previously and found that the district court did have personal jurisdiction over Christian when it entered its order affirming the domestic abuse protection order. As Paw correctly states, "[Paw] is not required to establish a prima facie case for personal jurisdiction at each hearing on a matter" and "to assert anything to the contrary would be preposterous." Brief for appellee at 17. Personal jurisdiction having previously been established, Paw was not again required to establish personal jurisdiction at the hearing on Christian's motion to vacate.

### Refusal to Receive
### Christian's Affidavit

Christian assigns that the district court erred by refusing to receive his affidavit. He argues that the court erred in sustaining Paw's foundation and hearsay objections to his affidavit "because it was an affidavit, which is *always* admissible in support of a motion." Brief for appellant at 18 (emphasis in original). He also seems to argue that the Nebraska Rules of Evidence do not apply to a court hearing on his motion to vacate.

Neb. Rev. Stat. § 25-1244 (Reissue 2016) states, "*An affidavit may be used* to verify a pleading, to prove the service of a summons, notice or other process, in an action, to obtain a provisional remedy, an examination of a witness, a stay of

proceedings, or *upon a motion*, and in any other case permitted by law." (Emphasis supplied.) Christian cites to *TransCanada Keystone Pipeline v. Nicholas Family*, 299 Neb. 276, 283, 908 N.W.2d 60, 66 (2018), which states, "[U]nder . . . § 25-1244 . . . , an affidavit is admissible in certain enumerated situations, including 'motion practice,' which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters." But the question in *TransCanada Keystone Pipeline* was whether individual landowners were entitled to attorney fees under Neb. Rev. Stat. § 76-726 (Reissue 2009) (costs, expenses, and fees in condemnation action), and the Nebraska Supreme Court held that "[a]ffidavits are generally admissible in collateral matters, and a motion for attorney fees under § 76-726 is such a collateral matter." *TransCanada Keystone Pipeline v. Nicholas Family*, 299 Neb. at 284, 908 N.W.2d at 66. Paw contends that *TransCanada Keystone Pipeline* "does not in any stretch of the imagination hold that affidavits are always admissible and does not support Christian's argument." Brief for appellee at 13. We agree.

[9,10] Pursuant to Neb. Rev. Stat. § 27-1101 (Reissue 2016), the Nebraska Evidence Rules apply generally to all civil and criminal proceedings except as otherwise noted. Nowhere in § 25-1244 does it say that the rules of evidence do not apply to the use of affidavits. Nor does Neb. Rev. Stat. § 25-2001 (Reissue 2016) (district court's power to vacate or modify judgments or orders) mention the rules of evidence not applying. See, also, *Banks v. Metropolitan Life Ins. Co.*, 142 Neb. 823, 834, 8 N.W.2d 185, 191 (1943) (predecessor to § 25-1244 provides that affidavit may be used "'upon a motion,'" but "[t]his provision clearly relates to preliminary, collateral and interlocutory matters"; "general rule is that affidavits are not admissible to establish facts material to the issue"). But, see, *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991) (Legislature may provide exception to general rule regarding admissibility of affidavits by specific statute). At the hearing on the motion to vacate, Christian's

attorney suggested his motion to vacate was "like a motion for summary judgment. . . . There's no oral testimony, there's no rules of evidence that apply. . . . These are based on affidavits." However, using affidavits for summary judgment motions is specifically authorized by statute. See Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2022). We have found no authority, nor does Christian cite us to any, that states the rules of evidence do not apply to the use of affidavits at a hearing on a motion to vacate. Certainly, parties may stipulate to the use of affidavits, or an opponent may choose not to object, but as pointed out by the district court, "sometimes there's not an evidentiary objection and then the evidence comes in, but today there [was]."

Christian erroneously asserts that the district court failed to rule on Paw's hearsay objection to the affidavit at the hearing. Contrary to Christian's assertion, the court sustained Paw's hearsay objection to the affidavit on the record at the hearing, as seen in the emphasized portion of the colloquy on this issue set forth earlier in this opinion.

[11-13] Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Neb. Rev. Stat. § 27-801(3) (Cum. Supp. 2022). The statement can be an oral or written assertion. § 27-801(1)(a). Hearsay is not admissible unless otherwise provided for in the Nebraska Evidence Rules or elsewhere. See *Elbert v. Young*, 312 Neb. 58, 977 N.W.2d 892 (2022). See, also, *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008) (written assertion offered to prove truth of matter asserted is hearsay statement unless it falls within exception or exclusion under hearsay rules).

[14] Christian's affidavit was an out-of-court statement offered in evidence to prove the truth of the matter asserted, i.e., that he did not receive, or was not served, the order for hearing on the show cause hearing until after the hearing had already occurred. Accordingly, Christian's affidavit was hearsay, and the district court properly sustained Paw's hearsay

objection. In his brief, Christian notes that the document attached to his affidavit (i.e., the printout of the email from the "USPS Informed Delivery") was part of the affidavit and did not constitute hearsay because it fell within an exception under Neb. Rev. Stat. § 27-803(8) (Cum. Supp. 2022) (records, reports, statements, or data compilations made by public official or agency of facts required to be observed and recorded pursuant to duty imposed by law). However, Christian did not point out that exception, or any exception, to the district court and thus did not preserve that point for appeal. See *State v. Ferguson*, 301 Neb. 697, 919 N.W.2d 863 (2018) (when opposing party objects to evidence as hearsay and trial court sustains objection, proponent required to point out possible hearsay exceptions in order to preserve point for appeal).

We have already found that the district court properly sustained Paw's hearsay objection, resulting in Christian's affidavit and attached document not being received into evidence. Because the affidavit and attached document were not admissible, we need not address the court's ruling on Paw's foundation objection to the same. See *Swicord v. Police Stds. Adv. Council*, 314 Neb. 816, 993 N.W.2d 327 (2023) (appellate court not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

### Service of Order for Hearing

Christian argues that the district court erred in denying his motion to vacate because his affidavit demonstrated that he was not served with the "Order for Hearing" until after the hearing had occurred. However, we have previously found that Christian's affidavit was inadmissible hearsay.

Christian contends that even if his affidavit and the document attached to it were disregarded entirely, the "Order for Hearing," setting hearing for January 30, 2023, was served by first-class mail, was placed in the mail by the clerk on January 24, and was addressed to a location outside of Nebraska; thus, "the United States Postal Service would have needed

to function more or less perfectly in order for Christian to have received the 'Order for Hearing' any earlier than he actually did." Brief for appellant at 24. There is no evidence in the record to support Christian's assertion that the postal service "needed to function more or less perfectly" for Christian to have received the order sooner. The record does reflect, however, that Christian appears to have an email account (Paw's petition and affidavit for domestic abuse protection order contains screenshots wherein a teacher of the parties' child talks about emailing Christian). But when Christian completed the form to request a hearing on the protection order, he refused to receive notification about a hearing date by email. Notification by email would have allowed for almost immediate notice of the scheduled hearing date. Christian's refusal to receive an email notification from the district court about a hearing date he was requesting is puzzling, given his willingness to receive emails from the postal service about his mail.

In addition to suggesting that less than perfect postal service contributed to his failure to attend the hearing he requested, Christian is also critical of the district court for scheduling the hearing too soon. He suggests that if this matter is reversed, "a different judge should be assigned to preside upon remand," noting that "a judge must recuse himself or herself from a case if a judge's impartiality might reasonably be questioned." *Id*. at 25. He claims the court's "*repeated* mischaracterizations" of what occurred at the motion to vacate hearing and its comment about Christian not claiming that he checked his mail regularly or had experienced delays in receiving mail, "combined with its decision to order a hearing so quickly after receipt of Christian's request, would, under these facts, cause a reasonable person having knowledge of the circumstances . . . to question the judge's impartiality under an objective standard of reasonableness." *Id*. (emphasis in original). There is nothing in the record before this court to support any of these claims.

At the hearing on the motion to vacate, Christian did not produce any admissible evidence to support his alleged untimely service or receipt of the district court's "Order for Hearing." As noted previously, Christian's affidavit was inadmissible hearsay. Once the affidavit was deemed inadmissible, Christian's counsel could have asked for a continuance to allow Christian, who appears not to have been present at the hearing, an opportunity to appear and personally testify as to when he received notice of the show cause hearing. However, a continuance was not requested. Accordingly, the district court did not abuse its discretion when it denied Christian's motion to vacate the order affirming the domestic abuse protection order. See, generally, *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017) (motion to vacate order or judgment on basis that clerk failed to provide party with notice, thereby impairing party's ability to appeal, must be supported by some evidence; no affidavits were submitted, nor was there any testimony offered).

## CONCLUSION

For the reasons stated above, we affirm the order of the district court denying Christian's motion to vacate.

Affirmed.