Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

Daric Heard and Aryelle Beam, appellants, v.
Steve Silvus and SAS Properties, LLC, appellees.

___ N.W.3d ___

Filed June 25, 2024.    No. A-23-697.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Real Estate: Sales: Contracts.** Pursuant to Neb. Rev. Stat. § 76-2,120(3)(i) (Reissue 2018), information provided in a written disclosure statement of the real property's condition is not intended to be part of any contract between the seller and purchaser.
4. **Arbitration and Award.** Under Neb. Rev. Stat. § 25-2603(a) (Reissue 2016), on application of a party showing a valid arbitration agreement and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order for the moving party; otherwise, the application shall be denied.

Appeal from the District Court for Douglas County: LeAnne M. Srb, Judge. Reversed and remanded for further proceedings.

Natalie M. Hein and Damien J. Wright, of Welch Law Firm, P.C., for appellants.

No appearance by appellees.

Pirtle, Chief Judge, and Riedmann and Bishop, Judges.

BISHOP, Judge.

## INTRODUCTION

Daric Heard and Aryelle Beam (collectively the Buyers) purchased a home from Steve Silvus and SAS Properties, LLC (collectively Silvus). Silvus had completed a "Seller Property Condition Disclosure Statement" (Disclosure Statement) in April 2022. The following month, the parties executed a "Uniform Purchase Agreement" (Purchase Agreement). The Buyers subsequently filed a complaint against Silvus alleging the existence of several issues related to the property that they claimed Silvus failed to disclose in the Disclosure Statement. The Douglas County District Court granted Silvus' motion to dismiss, finding that it did not have jurisdiction over the pending matter because the parties were required to comply with the arbitration provisions contained in the Purchase Agreement. The Buyers appeal. Because we find that the Buyers' claims relate to the Disclosure Statement and not the Purchase Agreement, we reverse the order of the district court and remand the cause for further proceedings.

## BACKGROUND

On June 8, 2023, the Buyers filed a complaint against Silvus wherein they alleged the following: In April 2022, Silvus owned and listed for sale a property in Omaha, Nebraska. In connection with the property listing and as required by Neb. Rev. Stat. § 76-2,120 (Reissue 2018), Silvus executed the Disclosure Statement on April 10. A copy of the Disclosure Statement was attached to the complaint; it represented that the central air conditioning and the heating system were working, and under the section of the disclosure statement that asked whether the seller had "ever performed or had performed" servicing on the air conditioner or furnace, Silvus checked the box labeled "Do Not Know." The Disclosure Statement also represented that the plumbing (water supply and water drainage) was working; that the roof was new, did not leak, had never leaked, and had no damage; that there had

been no water intrusion into the basement or crawl space; and that there had been no damage to the property due to rodents.

The complaint further alleged that on May 27, 2022, after "reviewing the Disclosure and in reasonable reliance thereon," the Buyers entered into the Purchase Agreement, a copy of which was attached to the complaint. The Buyers alleged that "[b]ecause the real estate market was competitive at the time of the Purchase Agreement," the Buyers offered more than the asking price and elected not to make their purchase contingent upon a home inspection. Silvus accepted the offer, and the transaction closed on June 17, at which time Silvus deeded the property to the Buyers and they took possession of the same.

According to the complaint, upon moving into the property, the Buyers noticed that the property was not cooling properly and there were rodent droppings in the basement. Shortly thereafter, the Buyers discovered that Silvus had known and tried to cover up the fact that the air conditioning and heating units were not working and that there were several leaking water pipes, mold issues, rodent problems, and tree roots growing in the sewer pipe. To restore the property, the Buyers paid $28,251.70 and estimated that they would have to expend an additional $125,561.31, for total damages of $153,813.01. To recover such damages, along with attorney fees and costs, the Buyers alleged three theories of recovery: (1) breach of § 76-2,120, (2) fraudulent misrepresentation, and (3) negligent misrepresentation.

On July 3, 2023, Silvus filed "Amended Motions Pursuant to Rules 9 and 12." In relevant part, Silvus "move[d] for dismissal pursuant to Rule 12(b)." Silvus alleged that the Purchase Agreement required mediation and arbitration and that the Buyers' action violated Nebraska's Uniform Arbitration Act, Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016) (UAA).

Following a hearing, the district court entered its order on August 22, 2023. The court stated that it had reviewed the

Purchase Agreement and Nebraska's arbitration statutes. It then concluded:

> A review of the Purchase Agreement reveals that the parties agreed that any dispute not resolved through settlement or mediation would be decided exclusively through arbitration. Applying the language of the statutes to the Purchase Agreement, the parties are required to follow through with those arbitration provisions and are ordered to comply with the provisions under the agreement. As such, the Court does not have jurisdiction over the pending matter and the motion to dismiss filed by [Silvus] is granted.

The Buyers appeal from that order.

## ASSIGNMENTS OF ERROR

The Buyers assign, reordered, that the district court erred in (1) implicitly determining that their claims with respect to the Disclosure Statement were within the scope of the Purchase Agreement's arbitration provision; (2) implicitly finding, at the pleading stage, that the Purchase Agreement and the arbitration provision contained therein was enforceable despite the allegations of fraud and misrepresentation; (3) failing to proceed summarily to the determination of the existence of a valid and enforceable agreement to arbitrate; (4) ordering the parties to arbitrate; (5) finding that it lacked jurisdiction over the claims; and (6) granting Silvus' motion to dismiss.

## STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo. *Williams v. Frakes*, 315 Neb. 379, 996 N.W.2d 498 (2023). When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id.*

## ANALYSIS

### Disclosure Statement Statute

[3] Section 76-2,120 requires sellers of residential real properties to complete a written disclosure statement of the real property's condition. Section 76-2,120 states in relevant part:

(3) The disclosure statement shall include language at the beginning which states:

. . . .

(d) That the statement is a disclosure of the real property's condition as known by the seller on the date of disclosure;

(e) That the statement is not a warranty of any kind by the seller or any agent representing a principal in the transaction;

(f) That the statement should not be accepted as a substitute for any inspection or warranty that the purchaser may wish to obtain;

(g) That even though the information provided in the statement is not a warranty, *the purchaser may rely on the information in deciding whether and on what terms to purchase the real property*;

. . . .

(i) That the information provided in the statement is the representation of the seller and not the representation of any agent and that *the information is not intended to be part of any contract between the seller and purchaser*.

. . . .

(5) The disclosure statement shall be completed to the best of the seller's belief and knowledge as of the date the disclosure statement is completed and signed by the seller. . . . On or before the effective date of any contract which binds the purchaser to purchase the real property, the seller shall update the information on the disclosure statement whenever the seller has knowledge that information on the disclosure statement is no longer accurate.

. . . .

(7) *The disclosure statement and any update to the statement shall be delivered* by the seller or the agent of the seller to the purchaser or the agent of the purchaser *on or before the effective date of any contract which binds the purchaser to purchase the real property*, and the purchaser shall acknowledge in writing receipt of the disclosure statement or update.

. . . .

(11) A transfer of an interest in real property subject to this section may not be invalidated solely because of the failure of any person to comply with this section.

(12) If a conveyance of real property is not made in compliance with this section, the purchaser shall have a cause of action against the seller and may recover the actual damages, court costs, and reasonable attorney's fees. The cause of action created by this section shall be in addition to any other cause of action that the purchaser may have. Any action to recover damages under the cause of action shall be commenced within one year after the purchaser takes possession or the conveyance of the real property, whichever occurs first.

(Emphasis supplied.) The seller shall not be liable for any error, inaccuracy, or omission of any information in a disclosure statement if such was not within the personal knowledge of the seller. See § 76-2,120(8).

### Facts Relevant to Disclosure Statement and Arbitration Provision

When reviewing an order dismissing a complaint, we accept as true all facts which are well pled; these have been set forth above. We also observe that in accordance with § 76-2,120, the Disclosure Statement represented that "[e]ven though the information provided in this statement is NOT a warranty, the purchaser may rely on the information contained herein in deciding whether and on what terms to purchase the real property," and that "[t]he information provided in

this statement . . . is NOT intended to be part of any contract between the seller and purchaser." (Emphasis in original.) The Buyers signed and initialed the Disclosure Statement, acknowledging their receipt of the same.

On May 27, 2022, the parties entered into the Purchase Agreement; it contained the following provision:

> 31. Arbitration and Mediation:
>
> 31.1 Disputes: The term "Dispute" shall include, without limitation, any controversy, complaint, dispute, claim or disagreement relating to or arising out of the construction, interpretation, enforcement, or breach of the terms of this Purchase Agreement between Purchaser and Seller.
>
> . . . .
>
> 31.3 Arbitration: Any Dispute that is not resolved by informal settlement or mediation shall be resolved exclusively by binding arbitration. Such arbitration shall be administered by the American Arbitration Association and shall be conducted according to the American Arbitration Association's Commercial Rules — Real Estate Industry Arbitration Rules (Including a Mediation Alternative).

(Emphasis omitted.) Above the buyers' signature line in the Purchase Agreement appeared a sentence that read: "This contract contains an arbitration provision unless waived in Section 31 which may be enforced by the parties." (Emphasis omitted.) A similar sentence appeared above the seller's signature line. The parties did not waive the arbitration provision.

The district court granted Silvus' motion to dismiss, finding that it did not have jurisdiction over the pending matter because the parties were required to comply with the arbitration provisions in the Purchase Agreement.

## General Arbitration Principles

A provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is

valid, enforceable, and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract, if the provision is entered into voluntarily and willingly. § 25-2602.01(b). The making of an agreement described in § 25-2602.01 providing for arbitration in this state confers jurisdiction on the district court to enforce the agreement under the UAA. See § 25-2618.

[4] Section 25-2603(a) of the UAA authorizes a party to a judicial proceeding to apply for an order compelling arbitration of the dispute. *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018). Under § 25-2603(a) of the UAA, on application of a party showing a valid arbitration agreement and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order for the moving party; otherwise, the application shall be denied. *Cullinane v. Beverly Enters. - Neb., supra*. Pursuant to § 25-2603(d):

> Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

## DISCLOSURE STATEMENT NOT PART
## OF PURCHASE AGREEMENT

The Buyers argue that the Disclosure Statement is separate from the Purchase Agreement, and thus not subject to the arbitration provision in the Purchase Agreement. We agree.

Section 31 of the Purchase Agreement requires arbitration for any "Dispute[]" not resolved by informal settlement or mediation. And the term "Dispute" was defined in section 31 as including, without limitation, "any controversy, complaint,

dispute, claim or disagreement *relating to or arising out of* the construction, interpretation, enforcement, or breach of the terms of *this Purchase Agreement* between Purchaser and Seller." (Emphasis supplied.)

The Buyers do not allege a dispute relating to the Purchase Agreement, nor do they allege a breach of the Purchase Agreement. "The basis of their claim is representations made in the seller disclosure statement [over 1½ months] *prior to* entering into the purchase agreement." Brief for appellant at 13 (emphasis in original). Additionally, as required by § 76-2,120(3)(i), the Disclosure Statement in this case states that the information provided "is NOT intended to be part of any contract between the seller and purchaser." (Emphasis in original.) And § 76-2,120 creates its own cause of action in addition to any other cause of action that the purchaser may have. § 76-2,120(12) (when "conveyance of real property is not made in compliance with this section, the purchaser shall have a cause of action against the seller," and "[t]he cause of action created by this section shall be in addition to any other cause of action that the purchaser may have"). Because the Disclosure Statement was separate from the Purchase Agreement, the Buyers' claim that Silvus violated § 76-2,120 was not subject to the arbitration provision in the Purchase Agreement. Likewise, their additional theories of recovery—fraudulent and negligent representation—relate to the Disclosure Statement and not the Purchase Agreement and thus are not subject to the arbitration provision in the Purchase Agreement.

Accordingly, we find that the district court erred in ordering the parties to arbitrate and in granting Silvus' motion to dismiss. And because the Purchase Agreement's arbitration provision did not apply to the Buyers' complaint, the court erred in finding that it lacked jurisdiction over the action.

Given our findings above, we need not address the Buyers' remaining assignments of error regarding the validity and enforceability of the arbitration provision. See *Swicord v.*

*Police Stds. Adv. Council*, 314 Neb. 816, 993 N.W.2d 327 (2023) (appellate court not obligated to engage in analysis not necessary to adjudicate case and controversy before it).

## CONCLUSION

For the reasons stated above, we reverse the district court's order and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.