Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/30/2025 09:07 AM CDT

Brian P. Beatty, appellee, v. Abby G. Poitier,
now known as Abby G. Cullins, appellant.

___ N.W.3d ___

Filed May 30, 2025.    No. S-23-1026.

1.  **Attorney Fees: Appeal and Error.** On appeal, an appellate court will
    uphold a lower court's decision allowing or disallowing attorney fees for
    frivolous or bad faith litigation in the absence of an abuse of discretion.
    Allocation of amounts due between offending parties and attorneys is
    part and parcel of the determination of the amount of an award and is
    reviewed for an abuse of discretion.
2.  **Judges: Words and Phrases.** A judicial abuse of discretion exists when
    the reasons or rulings of a trial judge are clearly untenable, unfairly
    depriving a litigant of a substantial right and denying just results in
    matters submitted for disposition.
3.  **Attorney Fees.** Attorney fees and expenses may be recovered in a civil
    action only where provided for by statute or when a recognized and
    accepted uniform course of procedure has been to allow recovery of
    attorney fees.
4.  **Attorney Fees: Costs.** Although attorney fees and costs are statuto-
    rily allowed in paternity and child support cases, customarily they are
    awarded to the prevailing party or assessed against those who file frivo-
    lous suits.
5.  **Attorney Fees.** An award of attorney fees depends on multiple factors
    that include the nature of the case, the services performed and results
    obtained, the earning capacity of the parties, the length of time required
    for preparation and presentation of the case, customary charges of the
    bar, and the general equities of the case.
6.  **Dismissal and Nonsuit.** The statutory right to voluntary dismissal under
    Neb. Rev. Stat. §§ 25-601(Reissue 2016) and 25-602 (Cum. Supp. 2024)
    is not a matter of judicial grace or discretion, but neither is it absolute
    or without limitation. The scope of the court's discretion, however,
    is narrow.

7. ____. Conditions may be imposed on a plaintiff's right of dismissal where justice and equitable principles so require.
8. **Actions: Attorney Fees.** A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position.
9. **Actions: Attorney Fees: Words and Phrases.** The term "frivolous" as used in Neb. Rev. Stat. § 25-824(4) (Reissue 2016) connotes an improper motive or legal position so wholly without merit as to be ridiculous.
10. **Actions.** Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Arterburn and Welch, Judges, on appeal thereto from the District Court for Douglas County, Molly B. Keane, Judge. Judgment of Court of Appeals affirmed.

Andrew J. Hilger, of Law Office of Andrew J. Hilger, for appellant.

Kelly T. Shattuck, of Vacanti | Shattuck | Finocchiaro, for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
## NATURE OF CASE
Abby G. Poitier, now known as Abby G. Cullins, filed a complaint in the district court for Douglas County for modification of a previously entered paternity decree but ultimately sought to voluntarily dismiss her complaint on the day of trial. The trial court granted the voluntary dismissal without conditions and proceeded to trial on the counterclaim filed by Brian P. Beatty. Although Brian was not successful on his counterclaim, the district court awarded him a portion of his attorney fees because it found that Abby's complaint to

modify had been frivolous and interposed solely for delay or harassment. The Nebraska Court of Appeals affirmed the district court's order. *Beatty v. Poitier*, No. A-23-1026, 2024 WL 4033568 (Neb. App. Sept. 3, 2024) (unpublished memorandum opinion). We granted Abby's petition for further review. We affirm the decision of the Court of Appeals.

## STATEMENT OF FACTS

Abby and Brian are the biological parents of S.B., who was born in 2009. The district court entered a decree in 2017 in which it awarded Brian sole legal and physical custody of S.B. and ordered Abby to pay child support. The parenting plan approved by the court provided limited visitation for Abby until she "complied with the Nebraska Parenting Act" by completing a second-level parenting course and by participating in mediation or negotiating a modified parenting plan that was acceptable to the court. In 2019, the court modified and reduced Abby's child support obligation based on the parties' agreement.

*Abby's Complaint to Modify.*

In September 2022, Abby filed a complaint for modification in which she alleged that she had complied with the requirement regarding the parenting course and that she had attempted mediation with Brian, but that he had refused to participate. She requested that the decree be modified to award her increased parenting time.

Brian filed an answer and counterclaim. In the answer portion of the filing, Brian set forth affirmative defenses to Abby's complaint for modification. In the counterclaim portion of the filing, Brian alleged a material change in circumstances and requested (1) a modification of child support and (2) a modification to Abby's visitation in which visitation would be limited to occasions S.B. requested it and would take place in a supervised setting. The counterclaim also sought "an order that [Abby] pay [Brian's] attorney fees" and "such other and further relief as the Court deems just and equitable."

The record shows that following a stipulated order to compel answers to Brian's discovery requests, Abby responded to Brian's discovery. In her answers to interrogatories, Abby stated that she was not employed and that she was in arrears in child support but was reducing the arrearage. She also detailed a proposed step-by-step visitation plan to assist with raising S.B. Abby stated that she attempted to contact Brian to set up visitations and that she had been unable to reach S.B.

On the date the matter was scheduled for trial, Abby filed a pleading in which she stated that she was dismissing her complaint for modification without prejudice. Brian appeared with counsel. Abby did not appear at the hearing on her pleading to dismiss or the trial on Brian's counterclaim. Her counsel was present for both. Abby's counsel clarified that Abby's dismissal of her complaint was filed pursuant to "her statutory right to do so" under Neb. Rev. Stat. § 25-601 (Reissue 2016). Brian raised an objection generally stating that a dismissal should be on conditions. Specifically, Brian asked the court to clarify that should Abby file another complaint for modification in the future, she would be required to show a material change of circumstances from the date of trial. The court ultimately dismissed Abby's complaint without conditions and without prejudice.

*Trial on Brian's Counterclaim.*

Following Abby's request for dismissal, trial on Brian's counterclaim proceeded. At the time of trial, S.B. had just turned 14 years old. Brian testified that Abby had visited S.B. only seven times in 9 years, had never called, and had not requested additional visitation in 2022. Brian submitted numerous exhibits and testified as to his concerns about whether S.B. was endangered as a result of visitation with Abby. In support of his assertion regarding endangerment, Brian submitted numerous exhibits showing the contents of Abby's social media accounts and reflecting her criminal history, the latter of which included a conviction for solicitation for prostitution.

Brian testified that Abby had texted him "approximately six" times in the last 3 years, asking questions regarding this court case, and had not texted to set up visitation. Brian further testified that Abby had a history of "taking me to court, and we string this whole thing along, and then she disappears. She disappeared when we went through the original custody order. She never bothered to show up." He stated that in 2019, she had also changed her mind on the day of trial.

During his closing argument, Brian's counsel stated that "there was significant attorney's fees based on [Abby's] filing and opening this case" and then Abby's dismissing her complaint on the day of trial, and he asserted that Brian should be awarded attorney fees. Brian testified that he had incurred almost $10,000 in attorney fees. As part of the request for attorney fees, the court stated that it had received an attorney fee affidavit as an exhibit that itemized the charges Brian incurred in defending the action initiated by Abby. The attorney fee affidavit is not part of the record on appeal.

In the written trial order, the court dismissed Abby's complaint for modification and found that the modification requested by Brian was not warranted. The court ordered that the decree, which was modified in 2019, would not be further modified and would remain in effect.

In its order, the court also addressed Brian's request encompassed in his counterclaim that he be awarded attorney fees, as well as his allegation that Abby's complaint was "frivolous and filed in an effort to harass" him. The court found that pursuant to Neb. Rev. Stat. §§ 25-824 and 25-824.01 (Reissue 2016), reasonable attorney fees should be assessed against Abby because her actions were "frivolous and interposed solely for delay or harassment." The court ordered Abby to pay $1,500 toward Brian's attorney fees.

*Court of Appeals.*

Abby appealed the order of attorney fees to the Court of Appeals. Her sole assignment of error was that the district court abused its discretion when it awarded attorney fees to

Brian. She generally argued that the district court did not have jurisdiction to award attorney fees and argued that the court erred when it found that her complaint was frivolous and was interposed solely for delay or harassment.

The Court of Appeals affirmed the award of attorney fees. See *Beatty v. Poitier*, No. A-23-1026, 2024 WL 4033568 (Neb. App. Sept. 3, 2024) (unpublished memorandum opinion). It reasoned that under Neb. Rev. Stat. § 25-603 (Reissue 2016), when the defendant has presented a setoff or counterclaim, the defendant has the right to proceed to trial on that claim even though the plaintiff may have dismissed his or her claim or failed to appear.

Regarding the district court's having found Abby's "action to be frivolous and interposed solely for delay or harassment," the Court of Appeals found no abuse of discretion. The Court of Appeals noted facts that supported the order, including that Abby had not made efforts since 2019 to have a relationship with S.B. and that she then dismissed her complaint on the day of trial without any notice.

We granted Abby's petition for further review.

## ASSIGNMENTS OF ERROR

Abby claims, restated, that the Court of Appeals erred when it (1) determined that Brian's pending counterclaim empowered the district court to consider whether to assess attorney fees related to Abby's complaint that she sought to voluntarily dismiss and (2) concluded that the district court's award of attorney fees in favor of Brian was not an abuse of discretion.

## STANDARDS OF REVIEW

[1] On appeal, an appellate court will uphold a lower court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation in the absence of an abuse of discretion. *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023). Allocation of amounts due between offending parties and attorneys is part and parcel of the determination of the amount of an award and is reviewed for an abuse of discretion. *Id.*

[2] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

This is a review of a decision by the Court of Appeals that affirmed an award of attorney fees to Brian, despite his otherwise unsuccessful counterclaim, for fees that were incurred as a result of Abby's complaint that she voluntarily dismissed. We agree with the Court of Appeals that the trial court did not err when it considered Brian's counterclaim seeking attorney fees and that an assessment of a portion of Brian's attorney fees was not an abuse of discretion under §§ 25-824 and 25-824.01.

*The District Court Retained Authority*
*to Consider Sanctions Requested*
*by Brian's Counterclaim.*

We first address Abby's claim that the district court lacked authority to consider Brian's counterclaim for attorney fees based on frivolousness under §§ 25-824 and 25-824.01. As explained below, given Brian's allegation of entitlement to attorney fees asserted in his counterclaim, we determine that the district court had jurisdiction to consider attorney fees.

[3-5] As a general rule, attorney fees and expenses may be recovered in a civil action only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *Mann v. Mann*, 316 Neb. 910, 7 N.W.3d 845 (2024). Although attorney fees and costs are statutorily allowed in paternity and child support cases, customarily they are awarded to the prevailing party or assessed against those who file frivolous suits. See *id*. An award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case,

customary charges of the bar, and the general equities of the case. *Burcham v. Burcham*, 24 Neb. App. 323, 886 N.W.2d 536 (2016).

Abby claims that the district court lacked jurisdiction to consider an award of attorney fees because the complaint for modification was dismissed. However, the claim for attorney fees originated in Brian's counterclaim, which had not been dismissed, and the trial court considered Brian's prayer for relief as an adequate request for attorney fees. Section 25-603 provides that "[i]n any case where a setoff or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed the action or failed to appear." We agree with the Court of Appeals that under § 25-603, the district court properly retained jurisdiction of the case and was able to proceed on Brian's counterclaim as it related to attorney fees. Cf. *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002) (disallowing attorney fees where there was no request for fees prior to dismissal).

[6] For completeness, we observe that although Abby's voluntary dismissal was granted by the trial court, the entitlement of a party to voluntary dismissal is not absolute or without limitation. We have stated that the statutory right to voluntary dismissal under § 25-601 and Neb. Rev. Stat. § 25-602 (Cum. Supp. 2024) is not a matter of judicial grace or discretion, but neither is it absolute or without limitation. *Schaaf v. Schaaf*, 312 Neb. 1, 978 N.W.2d 1 (2022). The scope of the court's discretion, however, is narrow. See John P. Lenich, Nebraska Civil Procedure § 34:5 (2025). See, also, *Kansas Bankers Surety Co. v. Halford, supra*.

[7] Conditions may be imposed on a plaintiff's right of dismissal where justice and equitable principles so require. See *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018). Given the equitable principles and reasoning identified by the trial court in this case, in the exercise of its power under §§ 25-824 and 25-824.01,

we believe it would have been advisable for the district court to have imposed attorney fees on Abby as a condition of the order of dismissal. However, the absence of conditions is not fatal to Brian's entitlement to attorney fees.

*Attorney Fee Sanction Was Not*
*an Abuse of Discretion.*

Abby also claims that the trial court erred when it found that she engaged in frivolousness, delay, or harassment. We reject this argument and affirm the decision of the Court of Appeals that affirmed the order that granted Brian's request for attorney fees.

Section 25-824(4) provides:

> The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment. If the court finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures, the court shall assess attorney's fees and costs.

[8-10] A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. *SID No. 596 v. THG Development*, 315 Neb. 926, 2 N.W.3d 602 (2024). The term "frivolous" as used in § 25-824(4) connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id*. We are mindful that any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. *Id*. Attorney fees for a bad faith action under § 25-824 may also be awarded when the action is filed for purposes of delay or harassment.

*Chicago Lumber Co. of Omaha v. Selvera*, 282 Neb. 12, 809 N.W.2d 469 (2011).

The evidence in this case, as informed in part by prior litigation between the parties, showed that Abby's claims were interposed for the purpose of delay or harassment or were frivolous; on the record, she did not have a reasonable expectation or rational argument in favor of greater visitation. In this regard, the court credited Brian and noted evidence that although Abby sought regular parenting time in this case, she had made no effort to have a relationship with S.B. since 2019, with the exception of one unauthorized visit to S.B.'s school in 2020. The court also noted that Abby had moved to dismiss the complaint on the day of trial, after having filed the complaint over 1 year earlier; she had failed to comply with Brian's discovery requests until the court entered an order to comply; and she had failed to appear at the trial to defend against Brian's counterclaim. Brian testified at trial that Abby had previously dismissed a complaint to modify on the day of trial in 2019 without any notice to the court or to Brian.

As for the amount of fees assessed against Abby, after considering the factors set forth in § 25-824.01, the trial court awarded $1,500 of the $10,000 Brian had requested. The trial court did not include fees related to the hearing on Brian's counterclaim. Insofar as the attorney fees awarded were incurred in defending Abby's action, we agree with the lower courts that such fees were reasonable.

The trial court's reasons for assessing attorney fees are supported by the record. We cannot say that the Court of Appeals erred when it determined that the trial court was within its discretion to assess $1,500 in attorney fees against Abby pursuant to §§ 25-824 and 25-824.01.

## CONCLUSION

We agree with the Court of Appeals that the trial court did not err when it took up the question of attorney fees asserted in Brian's counterclaim and then assessed fees against Abby

under §§ 25-824 and 25-824.01. We also agree that the attorney fees were reasonable. For the reasons set forth above, we affirm the decision of the Court of Appeals.

Affirmed.