IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE GUARDIANSHIP & CONSERVATORSHIP OF JOLENE M.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE GUARDIANSHIP AND CONSERVATORSHIP OF JOLENE M.,

AN INCAPACITATED PERSON.

JOAN M. MILLER-MURRAY AND KRISTI L. MILLER,

COGUARDIANS AND COCONSERVATORS, APPELLEES,

V.

SUSAN L. MILLER, APPELLANT.

Filed March 24, 2026.    No. A-25-280.

Appeal from the County Court for Dixon County: SARA E. BAUER, Judge. Affirmed.

Robert B. Deck, of Deck Law, P.L.C., for appellant.

Krista M. Eckhoff and Kenneth W. Hartman, of Baird Holm, L.L.P., for appellees.

RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Susan L. Miller appeals from the order of the county court for Dixon County finding she was not in contempt of court, denying her attorney fees, and ordering her not to interfere with Jolene M.'s mail or the duties of Jolene's coguardians and coconservators as related to mail. Following our review, we affirm the judgment of the county court.

## BACKGROUND

Joan M. Miller-Murray, Kristi L. Miller, and Susan are sisters. Joan and Kristi serve as their mother Jolene's coguardians and coconservators. In 2021 and 2022, Jolene had issues with

her mail delivery, and Joan was informed that "Susie Miller" had placed a hold on the mail. At a July 2022 hearing, the county court addressed the issue with Susan's counsel, instructing him to inform Susan, who was not present at the hearing, that if she was responsible, she could be subject to a contempt of court action. The court's written order from this hearing is not in our record but based on counsel's statements made in a subsequent hearing, the order did not reference the court's oral admonition. At this subsequent hearing, a copy of a July email from Susan's counsel to the county court was received into evidence. In it, counsel informed the county court that, as directed, he had spoken with Susan about Jolene's mail.

Jolene experienced mail delivery issues again in 2024, and Joan learned from postal workers that Susan had changed Jolene's address. Joan filed an affidavit and application for contempt on the basis that Susan had changed Jolene's mailing address and diverted her mail, and that this interfered with Joan and Kristi's duties as Jolene's coguardians and coconservators. Susan filed a motion to strike the show cause order and dismiss the motion to show cause. The county court overruled the motion and set the matter for a show cause hearing.

Joan and Kristi moved to continue the show cause hearing. Their counsel explained that he had subpoenaed postal workers but was advised he had to follow certain federal regulatory procedures to secure their testimony, which took additional time. The county court granted the motion.

At the show cause hearing, both Joan and Susan testified and the court received the recording of the July 2022 hearing. Susan denied interfering with Jolene's mail. The county court did not find Susan credible and found that although Susan had violated the "spirit" of the 2022 admonishment, she was not in "direct contempt" as there was no prior written order regarding Jolene's mail. Therefore, it denied the contempt application; however, it ordered Susan not to interfere with Jolene's mail, and not to interfere with Joan and Kristi's duties as coguardians and coconservators as related to mail. The county court denied both parties' request for attorney fees.

## ASSIGNMENTS OF ERROR

Susan assigns, reordered and restated, that the county court erred in (1) denying her request for attorney fees, (2) making findings and conclusions not requested in the application for contempt and not required for determination of the issues, (3) denying her motion to strike the order to show cause and dismiss the motion to show cause, and (4) granting Joan and Kristi's motion to continue.

## STANDARD OF REVIEW

An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record made in the county court. *In re Guardianship of Tomas J.*, 318 Neb. 503, 18 N.W.3d 87 (2025). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

On appeal, an appellate court will uphold a lower court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation in the absence of an abuse of discretion. *Beatty v. Poitier*, 319 Neb. 56, 21 N.W.3d 295 (2025). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

ANALYSIS

Susan is appealing from the order of the county court finding she was not in contempt of court. Generally, an order denying a finding of contempt of court is appealable. See, *Krejci v. Krejci*, 304 Neb. 302, 934 N.W.2d 179 (2019); *Hawks v. Hawks*, 32 Neb. App. 70, 993 N.W.2d 688 (2023). But Nebraska case law holds that one who has been granted that which he or she sought has not been aggrieved, and only a party aggrieved by an order or judgment can appeal. See *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017). Susan was not aggrieved by a finding that she was not in contempt.

On appeal, Susan assigns four errors, but the manner in which she alleges she was aggrieved by the county court's order can be summarized as two arguments. Susan alleges that (1) the county court erred because the action was frivolous and it failed to award her attorney fees, and (2) after finding she was not in contempt, the county court erred by ordering her not to interfere with Jolene's mail and Joan and Kristi's duties as related to the mail. Although not aggrieved by the county court's ultimate determination that she was not in contempt, Susan asserts she was aggrieved; therefore, we address these grievances.

*Attorney Fees.*

Susan assigns that the county court erred because the action was frivolous and it failed to award her attorney fees. We disagree. Neb. Rev. Stat. § 25-824 (Reissue 2016) provides in part that in any civil action, the court shall award reasonable attorney fees and court costs against a party who has brought a civil action that alleges a claim which a court determines is frivolous or made in bad faith. See § 25-824(2). It also provides in part that a court, on its own motion or the motion of any party, shall assess attorney fees and costs if the court finds a party brought an action that was frivolous or was interposed solely for delay or harassment. See § 25-824(4).

"Frivolous," for the purposes of § 25-824, is defined as being a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit. *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023). It connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id*. The determination of whether a particular claim or defense is frivolous must depend upon the facts of the particular case. *Id*. Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. See *Beatty, supra*.

Susan argues that although Joan claimed in her affidavit in support of her application for contempt that Susan had changed Jolene's address, this was false and had no factual support. She argues that Joan and Kristi admitted in their motion to continue that they brought an action for contempt by falsely claiming something they did not know. At the hearing on the motion to continue, counsel stated that Joan had spoken with postal workers and was told that Susan signed a form. Joan and Kristi requested a continuance because the postal workers would not honor the subpoenas, and their counsel had to pursue an alternate means to secure their testimony. The evidence shows that Joan had relied upon the postal workers' statements that Susan changed Jolene's address. We cannot say Joan and Kristi's position that Susan was interfering with Jolene's mail was without rational argument based on law and evidence.

Susan also argues that there was no court order for her to disobey; therefore, a contempt action was frivolous. However, in July 2022, the county court instructed Susan's counsel to discuss

Jolene's mail with Susan and inform her that if she was responsible for its diversion, she could be subject to contempt of court. This directive was not reflected in a written order but the email from Susan's counsel to the county court confirms he discussed the matter with Susan. Although the county court determined that Susan was not in contempt, it found that she had violated the "spirit" of the 2022 admonishment. We cannot say Joan's and Kristi's belief that Susan had been ordered not to interfere with Jolene's mail was without rational argument based on law and evidence.

We have considered the record and are mindful that we resolve any doubt about whether a legal position is frivolous or taken in bad faith in favor of the one whose legal position is in question. See *Beatty v. Poitier*, 319 Neb. 56, 21 N.W.3d 295 (2025). Although Joan and Kristi did not prevail, we cannot say this action was without rational argument based on law and evidence, nor can we say it was taken in bad faith. The action was not frivolous. As such, the county court did not abuse its discretion in denying Susan's request for attorney fees.

We note that Susan makes a request in her brief for an award of attorney fees for prosecuting this appeal. Joan and Kristi make a request in their brief for an award of attorney fees for responding to this appeal. Neither request complies with Neb. Ct. R. App. P. § 2-106(G) (rev. 2025), which governs motions seeking attorney fees on appeal, and we will not address them.

*Directives in Order.*

Susan assigns that, after finding she was not in contempt, the county court erred by ordering her not to interfere with Jolene's mail and Joan and Kristi's duties as related to mail. We disagree. A court has equitable authority to devise a remedy to address an issue that led to the contempt proceeding. See *Yori v. Helms*, 307 Neb. 375, 949 N.W.2d 325 (2020). Furthermore, Nebraska courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice. *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017).

Here, the county court included directives that were designed to preclude Susan from diverting Jolene's mail and interfering with the duties of the coguardians and coconservators. We find no error in the county court directing Susan to refrain from engaging in activities in which she had no legal right to engage.

## CONCLUSION

We find the county court did not err in denying Susan's request for attorney fees, nor in ordering her to refrain from interfering with Jolene's mail and Joan and Kristi's duties as coguardians and coconservators as related to mail. We affirm the order of the county court.

AFFIRMED.